MADDOX, Justice.
This case involves a boundary line dispute and the only issue before the Court is whether the trial court erred in determining the true boundary line between the coterminous landowners. We affirm.
D.W. Presnail, appellee, filed a complaint against Tillman Duke, appellant, in which he alleged that the boundary line between their land was disputed; he requested the court to appoint a surveyor. Defendant’s motion to dismiss was denied by the trial court, whereupon he filed an answer, with a survey attached, prepared by one Daniel Andress, Jr., a licensed surveyor. In his answer he alleged that the true and correct boundary between the parties’ lands was shown in the plat as a fence, which was located north of an existing woods road.
The plaintiff filed a response to paragraph five of defendant’s answer, in which he alleged that the actual boundary was a line surveyed by Ralph McVay, also a licensed surveyor, which placed the boundary line on the south side of the dirt road running between the parties’ property. The plaintiff further alleged that the fence indicated on his opponent’s plat had never been recognized as the true and correct boundary line.
The trial court heard the evidence without the benefit of a jury, and subsequently ruled that the McVay survey showed the true and correct boundary line between the parties. The trial court ordered that judicial markers be set according to the McVay survey and that the defendant be permitted to use the woods road lying north of the judicial boundary as a means of ingress and egress to any property he might own lying to the east of the plaintiff’s property.
The defendant moved for a new trial, which, after a hearing, the trial court denied. This appeal ensued.
The defendant, as appellant, still asserts that the boundary line separating his land from the plaintiff’s land is the fence line located on the north side of the woods road as indicated by the Andress survey plat. On the other hand, plaintiff, relying on his surveyor’s plat, argues that the boundary line is not the fence, but that it is actually located some forty feet to the south, on the southern side of the road.
The testimony of the witnesses at the trial as to whether the fence had in the past been considered the boundary line between the two parcels of land was conflicting. Likewise, both surveys of the boundary line, which were based on the descriptions contained in the deeds of the respective parties, and both surveyors’ testimony as to the correct boundary line, were contradictory.[1] Consequently, where the facts are disputed in boundary line cases, we uphold the trial court’s finding unless it is palpably erroneous or manifestly unjust to do so. Kendall v. Bay La Launch Community Ass’n., Inc., 413 So.2d 1050, 1051 (Ala.1982). In view of conflicting evidence and testimony, we find no palpable error in the trial court’s finding that the boundary *145 line as established by the McVay survey is the true and correct boundary.
Appellant argues that the McVay plat should have been disregarded by the trial court, based on the testimony of his surveyor, Mr. Andress, given during the trial and during the hearing on appellant’s motion for new trial. Appellant claims that the McVay plat was not performed in accordance with the description of the land contained in the complaint. Mr. Andress stated that the survey as based on the calls of the description in appellee’s complaint did not “close.” While a true boundary line between coterminous landowners may differ from the calls described in the pleadings, “[s]uch difference does not necessarily mean that the court erred in determining the boundary line.” Crew v. W.T. Smith Lumber Co., 268 Ala. 628, 634, 109 So.2d 721, 727 (1959).
Because the trial court made no findings regarding adverse possession of the disputed strip of land, we decline to comment on the sufficiency of the evidence regarding appellant’s alleged adverse possession. Sandlin v. Sanders, 360 So.2d 977, 982 (Ala.1978). Nevertheless, we hold that the evidence was sufficient to sustain the establishment by the court of the true boundary line between the parties.
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.

. Appellant’s surveyor testified that the reason his survey varied from McVay's survey was because McVay did not determine the size of the section which contained an excess. He testified he ignored the 15 links excess on the east boundary of the section. Appellant also claimed McVay did not attempt to locate an old dirt road referred to in the deed, but used a blacktop road instead.