This is an appeal from a judgment awarding certain property to the defendant, Roosevelt Johnson, by virtue of his adverse possession of the property. The action was filed on November 13, 1981, by Thomas Young Moore to settle a boundary line dispute between Moore and Johnson. The two co-terminous landowners each claimed ownership of the same piece of property, and after the trial court awarded the land to Johnson, Moore appealed.
The facts of this case, heard by the trial court sitting without a jury, are as follows:
The property which is the subject of this action is located in Wilcox County, Alabama, and is described as "the Southeast quarter of Section 21, Township 12 North, Range 10 East, except for 14 acres in the Northwest corner." It is undisputed that defendant Roosevelt Johnson owns the east half of the southeast quarter of this property. The dispute arises over approximately 58 acres of land in the west half of the southeast quarter of Section 21. (See Appendix A).
Moore claims to be the owner of the property as a result of a deed to the land that he received from John and Blanch Gates in 1950. The deed transferred ownership in the land known as the "Cole Place," and described approximately 400 acres of land. Included in this property is the west half of the southeast quarter of Section 21.
Johnson claims that the 58 acres of land was given to him in the will of his grandfather, Alex McConnico. McConnico obtained his interest in the property from a deed by the Coles to him in 1876. The deed described the western boundary of the land as being "the Old State Road." Herein lies the problem. Moore offered proof that this "old state road" referred to in the deed ran north to south and split the west half and the east half of the southeast quarter of Section 21. Johnson contends that it is the old state road located west of Highway 21. The land between the two alleged boundaries is the 58 acres, more or less, which both parties claim to own.
On November 23, 1983, the trial court, sitting without a jury, found, inter alia, that:
 Upon consideration of all of the competent evidence, the Court is of the opinion that the defendants have been in the adverse possession of the W 1/2 of SE 1/4 of Section 21, T-12-N, R-10-E, lying East of State Highway No. 21 for a period of time of over 60 years.
The court then entered an order stating that Johnson was entitled to that portion of the west half of the southeast quarter of Section 21 to the east of Highway 21, and that Moore had no right, title, or interest in the property. Following a denial of a motion for new trial, Moore appealed.
The sole issue for our review is whether the trial court's non-jury finding, that Johnson was entitled to the 48.69 acres of land east of Highway 21 by adverse possession was supported by the ore tenus evidence at trial. We are of the opinion that it was; therefore, the judgment of the trial court is due to be affirmed.
As we have already stated, this case was presented to the trial court sitting without a jury. In Cherokee Insurance Co.v. Frazier, 406 So.2d 881 (Ala. 1981), we discussed the standard of review in non-jury cases wherein the court heardore tenus evidence, saying:
 [It] is long settled in this state that where conflicting evidence has been taken *Page 1252 
ore tenus, a presumption of correctness attends the trial court's conclusion on issues of fact, and this Court will not disturb the trial court's conclusions unless clearly erroneous and against the great weight of the evidence, but will affirm the judgment if, under any reasonable aspect, it is supported by credible evidence. Cougar Mining Co. v. Mineral Land and Mining Consultants, Inc., 392 So.2d 1177
(Ala. 1981); Raidt v. Crane, [342] So.2d 358 (Ala. 1977); Adams Supply Co. v. United States Fidelity and Guaranty Co., 269 Ala. 171, 176, 111 So.2d 906 (1959).
406 So.2d at 883. Further, in Hayes v. Cotter, 439 So.2d 102
(Ala. 1983), we addressed the question of the application of the ore tenus rule in boundary line dispute cases:
 When evidence is presented ore tenus and a trial court establishes a boundary between co-terminous land owners, the decree is presumed correct and need only be supported by credible evidence in order to withstand appeal. Nelson v. Garrard, 403 So.2d 230, 232 (Ala. 1981).
439 So.2d at 104.
According to the cases cited above, Moore is saddled with a heavy burden, as he must show that the trial court's judgment is not supported by credible evidence. For the reasons that follow, we are of the opinion that Moore has failed to meet this burden.
We begin our discussion by noting that not only is the trial court's judgment presumed to be correct under the ore tenus
rule, but its judgment is further strengthened because the trial court was acquainted with the land in dispute. At the hearing on the motion for a new trial, the judge stated that he was familiar with the property and the area, and that he had passed by the property numerous times. We agree with the court's statement that knowledge of the particular land allowed the court to understand the testimony better than someone who was not familiar with the case.
In its findings of fact, the trial court stated that Moore had legal title to the west half of the southeast quarter of Section 21. The court further noted that John Gates, the former owner, testified that the land he conveyed to Moore did not include the property in question claimed by Johnson and that it was incorrectly included in the conveyance he gave to Moore. Also, the court found that approximately 48.69 acres of the property belonged to Johnson by virtue of his adverse possession of the property.
In Hayes v. Cotter, supra, we recounted what is necessary for a person to establish adverse possession in a boundary line case:
 "If a coterminous landowner holds actual possession of a disputed strip under claim of right, openly and exclusively for a continuous period of 10 years, believing that he is holding to the true line, he will acquire title to that line, even though the belief as to the correct location of the line originated in a mistake. It is immaterial what he might or might not have claimed had he known he was mistaken. While intent to claim the disputed strip is required, there is no requirement that the intent be to claim property of another, as such a rule would make adverse possession dependent upon bad faith. Possession is hostile when the possessor holds and claims property as his own, whether by mistake or willfully."
 Reynolds v. Rutland, 365 So.2d 656, 657-658
(Ala. 1978); Hagler v. Clark, 337 So.2d 327, 329
(Ala. 1976); Smith v. Brown, 282 Ala. 528, 535, 213 So.2d 374, 380 (1968).
439 So.2d at 104.
In this case, Johnson attempted to make out his adverse possession by tacking the adverse possession periods of previous successive adverse possessors through whom his title could be traced. This he is allowed to do. See Bussey v.Bussey, 403 So.2d 907 (Ala. 1981).
Moore also contends that Johnson did not excercise exclusive
possession of *Page 1253 
the property. With regard to the nine acres of land west of Highway 21, the court must have agreed with Moore's assertion that both he and Johnson exercised possession of the land. This would mean that the element of exclusive possession of the property by Johnson was missing, and, therefore, that his claim to this tract must fail. However, regarding the 48.69 acres of land east of Highway 21, the court stated: "I feel like although [Moore] had legal title under what I consider a mistaken description in the deed, I don't feel like he's ever exercised any control whatsoever over that area east of the highway there."
The statement by the court is supported by the testimony of John Gates. Gates testified that he purchased 350 acres of land from Emma Lou Cole on April 21, 1950. He testified that "Pop" McLeod drew up the deed, and that McLeod was "famous for not drawing anything up right." Gates testified that he owned only 350 acres, that he sold Moore only 350 acres, and that Moore paid him for only 350 acres. He also stated that he never claimed any land east of Highway 21 because that land belonged to Alex McConnico. Finally, he testified that he had been telling Moore for over 30 years that the property did not include any land east of Highway 21.
Johnson offered proof that the alleged acts of possession of the 48.69 acres of land by Moore were really acts that pertained to the land west of Highway 21. Moore countered this with his own evidence that these acts were done on or about the 48.69 acres of land east of Highway 21. The trial court heard the testimony, viewed the photographic and documentary evidence, and although it is not included in the court's findings of fact, the court must have found that Moore's actions related only to the land west of Highway 21. Indeed, in the hearing on a motion for new trial, the court stated that it did not believe that Moore "ever exercised any control whatsoever" over the land east of Highway 21. We are of the opinion that such a conclusion is not clearly erroneous.
This Court was faced with a similar situation in Barnett v.Millis, 286 Ala. 681, 246 So.2d 78 (1971). Barnett also concerned a boundary line dispute, and, during the course of the trial, the judge went and inspected the property to be able to better understand the testimony at trial. Although there is no showing in the present case that the court below inspected the property during the course of the trial, this is not necessary, because the court stated that it was already familiar with the property in dispute when the action was commenced.
In Barnett the court established a boundary line which was totally different from those lines asserted by the parties. The court below chose to invoke the same remedy, and after reviewing the evidence, we cannot say that the court's conclusion was unsupported by credible evidence or was clearly erroneous. The court must have found that, although Johnson claimed that he owned all 58 acres of the disputed property by virtue of adverse possession of it, there was actually dual possession of the nine or so acres west of Highway 21, and thus that Johnson's adverse possession claim as to the nine acres had to fail due to a lack of exclusive possession for the required time period. The court found that Johnson did adversely possess the 48.69 acres of land east of Highway 21, and we are of the opinion that there was sufficient evidence to support such a finding.
Considering the evidence presented at trial, the court's expertise, and the strong presumption in favor of the court's findings, we are constrained to uphold the court's resolution of this case. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 1254 
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 1255