This is an appeal by plaintiffs, Dudley and Marjorie Reeves, from a judgment entered in an action brought by plaintiffs pursuant to § 35-3-1, Code of 1975, in which they sought to have determined the true common boundary line between plaintiffs' property and defendant's adjoining property, situated in Covington County. We reverse and remand.
Plaintiffs purchased the tract of land in question from Donald and Jean Lord on June 23, 1976. Defendant, Boncile Lord, owns a tract of land west of and continguous to plaintiffs' property. Before trial, the parties stipulated that a common boundary line exists; however, the location of that line is contested by the parties. After hearing the ore tenus evidence, the trial court entered an order adjudging "that the boundary between the property of the Plaintiffs and the property of the Defendant is the boundary described in the survey on file in this cause made by Charles G. Bowden, Surveyor, and dated May 24, 1984." The plaintiffs' motion to alter, amend, or vacate the judgment was denied. This appeal followed.
Plaintiffs argue that the trial court's order is due to be reversed because it is not supported by credible evidence. Specifically, the plaintiffs maintain that the Bowden survey was never admitted into evidence for the purpose of establishing the boundary line, as it should have been, but rather was admitted only for the limited purpose of establishing a reference point for the testimony of defendant's husband, Herman Lord. Furthermore, plaintiffs contend that neither Lord's testimony nor that of the other witnesses establishes a boundary line consistent with the Bowden survey. After a close review of the record, we find plaintiffs' contentions to be correct.
While a judgment establishing a boundary line between coterminous landowners, based on evidence submitted ore tenus, is presumed correct, that judgment must, nevertheless, be supported by credible evidence. Grooms v. Mitchell,426 So.2d 820 (Ala. 1983); Kirby v. Jones, 370 So.2d 250 (Ala. 1979). In such cases, the trial court's conclusions will be reversed where plainly erroneous or manifestly unjust. Grooms v.Mitchell, supra; Smith v. Nelson, 355 So.2d 359 (Ala. 1978);Nelson v. Garrard, 403 So.2d 230 (Ala. 1981).
In the present case, following a brief hearing on November 14, 1983, the trial court entered an order giving the defendant "an opportunity to have said lands surveyed and to tender to the Court a report from said surveyor establishing said boundary between the parties." That order further allowed the plaintiffs an opportunity to file exceptions to defendant's survey and report. Numerous motions by defendant for extensions of time in which to file her survey were granted. Finally, defendant's surveyor, Charles G. Bowden, completed his survey on May 24, 1984; however, the record does not reflect that before trial this survey was ever "filed" or "tendered" to the Court. Nevertheless, on October 29, 1984, a final hearing was held, at which time, before any testimony was taken, the trial court informed counsel for the defendant of the following: *Page 881 
 "THE COURT: . . . You [defendant's attorney] were allowed to hire a surveyor and cause him to file a report of his survey with the Court and then he [plaintiffs' attorney] was allowed an opportunity to make exceptions so I think you [defendant's attorney] have got to prove your survey.
"MR. COLQUETT: All right, sir."
(Emphasis added.)
Following this exchange, defendant's counsel called Herman Lord as a witness and elicited the following testimony from him with respect to the Bowden survey:
 "Q. Now, looking at this survey that was made by Charles Bowden, this line here would be the line along the road, is that correct?
"A. Right.
 "Q. And this line here would be the line that's in contention, is that right?
"A. No, sir, it wouldn't.
"Q. Why not?
"A. Because this line doesn't come —
 "Q. Well I'm talking about this, generally speaking —
"A. — to where the —
 "Q. All right. All right. Now, it's somewhere out in the middle of it here that this road bows up into it, is that right?
"A. Right.
 "Q. Okay. Now, on Mr. — you have seen some earlier surveys that was made by Mr. Powell's assist[ants], have you not? [Mr. Powell was plaintiffs' surveyor.]
"A. Right.
 "Q. Using the points that he used, wouldn't that line cut across and leave that bow of the road in your land or your wife's land?
 "A. It would leave a portion of the road up on ours, yeah.
"Q. That portion where the bow is?
"A. Right.
 "Q. All right. Now, in order to clear this up — well, no, I won't ask you that.
 "MR. COLQUETT: I believe that's all. Oh, I offer this [survey] in evidence as Defendant's Exhibit Two.
"MR. REYNOLDS: Offer what in evidence?
"MR. COLQUETT: This survey.
 "MR. REYNOLDS: Is that for the purpose of proving the survey or —
"MR. COLQUETT: No —
 "MR. REYNOLDS: Or just to establish what he is talking about?
 "MR. COLQUETT: Just to establish what he is talking about.
 "MR. REYNOLDS: Just to establish what he has just testified to in reference to this, but not to prove the survey?
"MR. COLQUETT: Not to prove the survey.
 "MR. REYNOLDS: Okay. For that limited purpose, we won't object to it."
(Emphasis added.)
Subsequently, what can only be characterized as a "discussion" by the parties' attorneys, with occasional comments by the parties, took place in response to questions asked by the trial court concerning the differences in the Bowden survey and a survey done by Mr. Ralph Powell, a surveyor who had testified on behalf of the plaintiffs at the November 14, 1983, hearing. During the course of this "discussion," Mr. Herman Lord made the following statements:
 "MR. LORD: Your Honor, I would like to say a word, if I might. . . . I don't agree with Bowden's plat. I paid him for it, but I still don't agree with it. It didn't give Mr. Reeves his land and went over on Mary Etta's further than it should have."
Our examination of the record in this case reveals that plaintiffs' contentions are correct. There is no credible evidence which establishes the disputed boundary line in accordance with the Bowden survey. Only Bowden's survey does that; however, the Bowden survey's admissibility was limited to its use as a demonstrative aid during the testimony of Herman Lord. As such, the survey was not substantive evidence *Page 882 
of the proper location of the disputed boundary line. Nor is this a case where (1) the proponent of the survey or other witness, upon proper foundation, testified that the surveycorrectly depicted the true boundary line, (2) the survey was presented in open court and noted as evidence, without objection, or (3) was referred to and inspected by many witnesses who testified regarding it. Compare Whitlow v. Moore,246 Ala. 472, 21 So.2d 253 (1945). The parties never stipulated to its admissibility for the purpose of proving the survey; this is especially apparent in view of the trial court's instruction to counsel that he would have to prove his survey. (Assuming, arguendo, that the Bowden survey was filed with the court, that mere filing did not suffice to admit the survey into evidence.)
Based on the foregoing, the judgment below is due to be, and it is hereby, reversed, and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and HOUSTON, JJ., concur.