This is a boundary line dispute presented to the trial courtore tenus. The court determined that the defendants, David and Mable Snider, had been in open, continuous, exclusive, actual, hostile, notorious, and adverse possession of the subject property since February 17, 1962, which was more than 10 years before the plaintiff, Scarlett Emfinger Hodge, and her former husband, Thomas Emfinger, acquired title to or possession of the coterminous property, and more than 20 years before the present dispute arose. The trial court, in determining that the Sniders had acquired title by adverse possession, held that the true boundary was marked by a fence erected by Thomas Emfinger in 1975.
Scarlett Emfinger Hodge, individually and as trustee for her minor children, contends that the trial court erred in finding that the Sniders had adversely possessed the disputed strip of property because, she contends, such finding was contrary to the weight of the evidence and the law. She argues specifically that the Sniders did not show the exact boundaries they were claiming and that their possession was not hostile, exclusive, continuous, open, or notorious, as is required for adverse possession or prescription. Hodge further argues that every presumption is in favor of the holder of legal title and that the trial court's findings are due to be reversed as being palpably erroneous and manifestly unjust.
The Sniders acquired their property by deed on February 17, 1962, from Walter B. Boyd, who was also the Emfingers' grantor. Boyd testified that when he sold the property to the Sniders he pointed out the boundaries of the property, including the western boundary, which is now in dispute, and noted that a telephone pole was erected on that boundary. Boyd continued to live on the property that he later sold to the Emfingers. He testified that after the sale of the property to the Sniders, both he and the Sniders abided by the line that he had pointed out for over 10 years before he sold the property to the Emfingers. Boyd further testified that he pointed out the *Page 540 
same line to the Emfingers when he sold them the property in 1972, and that Mr. Emfinger later erected the fence on this line.
The evidence showed that the Sniders maintained a garden on the disputed strip of property. A number of area residents testified that the Sniders had always claimed the property up to the line where the fence was later built.
When evidence is presented ore tenus in a boundary line dispute, the trial court's decree establishing the boundary is presumed correct and need only be supported by credible evidence. Moore v. Johnson, 471 So.2d 1250 (Ala. 1985); Nelsonv. Garrard, 403 So.2d 230 (Ala. 1981).
The testimony of Boyd alone is sufficient to support the trial court's decision. Most significant is Boyd's testimony that he and Snider abided by a line, consistent with the fence erected by Thomas Emfinger, for more than 10 years before the Emfingers ever acquired the property. Mable Snider also testified that she and her husband had possessed up to the line in question with no conflict until the current dispute arose in August of 1983.
Adverse possession between coterminous landowners requires open, notorious, hostile, continuous, and exclusive possession for only ten years. Tidwell v. Strickler, 457 So.2d 365 (Ala. 1984). The trial court's judgment was supported by credible evidence and is not due to be overturned. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.