This is a boundary line dispute. The plaintiffs, Ada Powell, Louie Powell, Fred Powell, Joe Mack Powell, Sheila Powell, and Stephen Powell sued Robert and Sonja Helms, claiming the Helmses had built a fence that enclosed a portion of their property.
The plaintiffs filed a motion requesting that a surveyor be appointed to fix the disputed boundary line pursuant to §35-3-21, Code 1975. The defendants agreed to the court's appointment of Jerry Smith. Smith did the survey and prepared a plat. After an ore tenus trial, the judge entered a judgment for the plaintiffs. The defendants' motion for a new trial was denied. The defendants then brought this appeal. We affirm.
Our standard of review in boundary line disputes that are tried ore tenus is clear: "When evidence is presented ore tenus in a boundary line dispute, the trial court's decree establishing the boundary is presumed to be correct and need only be supported by credible evidence."Hodge v. Snider, 495 So.2d 539, 540 (Ala. 1986). "A judgment of the trial court establishing a boundary line between coterminous landowners need not be supported by a great preponderance of the evidence; the judgment should be affirmed if, under any reasonable aspect of the case, the decree is supported by credible evidence." Graham v.McKinney, 445 So.2d 892, 894 (Ala. 1984). Where the facts are disputed in boundary line cases, we uphold the trial court's findings unless they are palpably erroneous or manifestly unjust to do so. Duke v. Presnall,447 So.2d 143 (Ala. 1983).
The parties here agreed to the appointment of Jerry Smith, a duly licensed, full-time surveyor. He surveyed the property, pursuant to § 35-3-21, Code 1975. Smith prepared a plat and testified that an existing fence did enclose some of the plaintiffs' property. (The fence encroached 37 feet on the west end of the boundary and 23 feet on the east end.) A report, map, or plat done by a surveyor pursuant to § 35-3-20 et seq. is to be considered by a court as prima facie correct. § 35-3-24, Code 1975. In addition to this evidence, the trial judge heard testimony from the plaintiffs that the fence was not the proper boundary line between the two pieces of property. Although the testimony from the plaintiffs was contradicted, the decision of the trial judge is supported by credible evidence and is presumed correct, and it is neither palpably erroneous nor manifestly unjust. *Page 1026 
The defendants argue that the case of Reeves v.Lord, 487 So.2d 879 (Ala. 1986), is controlling and that it serves to negate the evidence presented by Smith. In theReeves case, a survey of the disputed property was made and the resulting plat was used during testimony by the defendant. This testimony was the only evidence presented by the defendant. This Court reversed because the survey wasnot offered in evidence to prove the disputed boundary.
The survey in Reeves was offered only for the limited purpose of being used as a demonstrative aid during the defendant's testimony. 487 So.2d 879, 88182. Because the survey in Reeves was not put into evidence, and there was no other evidence to support the trial court's judgment, that judgment was properly reversed.
In this case, the survey plat was offered assubstantive evidence to prove the location of the boundary line. It would, therefore, support the judgment of the trial judge. Additionally, in this case the survey was not the only evidence presented that supported the trial judge's ruling; the plaintiff's testimony also supported his ruling. This case is clearly distinguishable fromReeves, and the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
ALMON, BEATTY, ADAMS and HOUSTON, JJ., concur.