This is a boundary line dispute between coterminous landowners, plaintiffs George and Betty Nelson, and defendants George and Frances Styron, involving parcels of land located in Baldwin County.
Plaintiffs filed suit in ejectment. Defendants filed a counterclaim; they claimed title by adverse possession and requested that the court issue a judgment declaring a certain fence to be the true north-south boundary line dividing the contiguous parcels.
After an ore tenus hearing, the trial judge entered a judgment against the plaintiffs on their claim and a judgment in favor of the defendants on their counterclaim. The plaintiffs' motion for new trial and to alter or amend the judgment was denied. The plaintiffs appealed.
The plaintiffs contend that the true boundary dividing their land from the defendants' land lies approximately 50 feet west of the fence. The defendants contend that the fence is the true line; specifically, they argue that while the parties' deeds do not make the fence the boundary, they nevertheless have possessed up to the fence for many years and hold title to that fence by adverse possession. The plaintiffs argue that the north-south boundary had been determined by a fence, but tried to show that sometime between 1977 and 1984 the defendants had moved the fence about 50 feet to the east.
For a better understanding of the case, we have attached to this opinion, as Appendix A, a diagram of the two lots showing the fence between them. Plaintiffs are the owners of Lot B; defendants are the owners of Lot A.
Plaintiffs contend that a survey done in 1977 did not show the fence in the present location, and that this survey is consistent with an aerial photograph taken shortly prior to the time the survey was done. The plaintiffs offered testimony suggesting that an old fence row was located approximately 50 feet west of the present fence.
Defendants point out in answer to plaintiffs' arguments that the evidence before the trial court was in sharp conflict and that several witnesses testified that the fence, as presently located on the property, represented the boundary between the two parcels and that that fence had been at the present location for many years. Furthermore, there was introduced into evidence a videotape of the fence, and the trial judge viewed that videotape. Although the tape is not included in the record on appeal, the defendants make an argument that the tape indicated the fence was not constructed as recently as plaintiffs contended.
The trial court, upon consideration of all of the evidence, found that the fence was the true boundary line.
The sole issue for our review is whether the trial court's finding was supported by credible evidence. We are of the opinion that it was; therefore, the judgment of the trial court is due to be affirmed.
As we have already stated, this case was presented to the trial court sitting without a jury. This Court has written a plethora of opinions enunciating the standard of review in such cases.
That rule is that when evidence is presented ore tenus in a boundary line dispute, the trial court's judgment establishing the boundary is presumed to be correct and will not be disturbed on appeal if supported by credible evidence. Smith v.Nelson, 355 So.2d 359 (Ala. 1978); Nelson v. Garrard,403 So.2d 230 (Ala. 1981); Moore v. Johnson, 471 So.2d 1250 (Ala. 1985). "A judgment of the trial court establishing a boundary line between coterminous *Page 355 
landowners need not be supported by a great preponderance of the evidence; the judgment should be affirmed if, under any reasonable aspect of the case, the decree is supported by credible evidence." Graham v. McKinney, 445 So.2d 892, 894
(Ala. 1984).
The judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur. *Page 356 
[EDITORS' NOTE: The drawing IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 357