TORBERT, Chief Justice.
This case arises out of a boundary line dispute between plaintiffs/appellees, James *704 M. Taylor, Windell H. Taylor, and Central Bank of Birmingham, as executor under the will ¿of Riley R. Taylor, deceased (hereafter “the Taylors”) and defendant/appellant, Godwin Enterprises, Inc. The Taylors sued Godwin Enterprises in the Circuit Court of Pike County, seeking to establish a boundary line between coterminous properties owned by the parties. The trial court entered judgment for the Taylors, finding that Godwin Enterprises had not acquired the disputed area of land by adverse possession. We affirm.
The facts of this case can be summarized briefly as follows: The present dispute arose over a parcel of land, approximately 100 x 23 feet. The disputed property was originally part of a 100 x 100 foot lot sold in 1936 by J. Monroe Day to Corley Chapman. In 1959, Chapman sold the lot to Inez Thompson, who in 1987 sold the lot to the present holders of record title, the Tay-lors. In 1947, R.L. Godwin purchased from J. Monroe Day certain property adjoining the lot, and in 1975, Mr. Godwin sold that adjoining property to Godwin Enterprises. Sometime in 1986 or 1987, Mattie Lee God-win, president of Godwin Enterprises, approached the Taylors and claimed ownership of the property now in dispute. This action ensued.
Godwin Enterprises presents two issues for review: 1) whether the trial court erred in finding that Godwin Enterprises had not acquired the disputed property by statutory adverse possession or by prescription; and 2) whether the trial court erred in finding that the Taylors’ claim was not precluded by operation of the doctrine of laches.
The rule is well settled that a trial court’s conclusions based totally or in part on disputed ore tenus evidence are to be favored with a presumption of correctness and will not be disturbed on appeal absent a showing that such findings are “palpably erroneous, without supporting evidence, or manifestly unjust.” Wallace v. Putman, 495 So.2d 1072, 1075 (Ala.1986); Burroughs v. Great Atlantic & Pac. Tea Co., 462 So.2d 353, 359 (Ala.1984). This presumption is particularly strong in boundary line disputes and adverse possession cases. See Helms v. Powell, 514 So.2d 1025, 1025 (Ala.1987); and Wallace, 495 So.2d at 1075. This Court has also stated the standard of review as follows:
“ ‘A judgment of the trial court establishing a boundary line between coterminous landowners need not be supported by a great preponderance of the evidence; the judgment should be affirmed if, under any reasonable aspect of the case, the decree is supported by credible evidence.’ Graham v. McKinney, 445 So.2d 892, 894 (Ala.1984). Where the facts are disputed in boundary line cases, we uphold the trial court’s findings unless they are palpably erroneous or [sic] manifestly unjust to do so. Duke v. Presnall, 447 So.2d 143 (Ala.1983).”
Helms, 514 So.2d at 1025.
Appellant, Godwin Enterprises, first asserts error in the trial court’s finding that it had not acquired the property in question by statutory adverse possession or by prescription. We have recognized the following rules concerning these theories of adverse possession:
“Both require the common elements of actual, exclusive, open, notorious, and hostile possession under a claim of right, but the statutory version, which requires possession for only ten years rather than the twenty years required by the prescription version, also requires that the possessor hold under color of title, have paid taxes on the property for ten years, or have derived his title by descent or devise. Code 1975, § 6-5-200. Downey v. North Alabama Mineral Development Co., 420 So.2d 68 (Ala.1982). However, in cases like the present one, where adverse possession is claimed by a conterminous owner, the three latter requirements do not apply. Thus, a conterminous landowner, ... must prove open, notorious, hostile, continuous, and exclusive possession for only ten years. He need not prove either a deed or color of title to the property, annual listings for taxation, or descent or devise from a predecessor in order to maintain his *705 claim. Mardis v. Nichols, 393 So.2d 976 (Ala.1981).
“Nevertheless, as in all adverse possession cases, possession cannot be presumed to be hostile. Cockrell v. Kelly, 428 So.2d 622 (Ala.1983). The burden rests upon the party asserting the adverse claim to prove actual, hostile, open, notorious, exclusive, and continuous possession for the statutory period. Grooms [v. Mitchell, 426 So.2d 820 (Ala.1983) ], and such proof must be by clear and convincing evidence. Storey v. Patterson, 437 So.2d 491 (Ala.1983).”
Tidwell v. Strickler, 457 So.2d 365, 368 (Ala.1984); see also Sims v. Vandiver, 504 So.2d 250, 252 (Ala.1987) (elements of statutory adverse possession); Gunn v. Mickle, 501 So.2d 466, 467 (Ala.1986) (elements of statutory adverse possession); and Hayden v. Robinson, 472 So.2d 606, 608 (Ala.1985) (elements of prescription).
In the present case, the evidence presented by Godwin Enterprises in support of its claim of ownership over the disputed property is set forth in its entirety as follows: 1) Mattie Lee Godwin, president of Godwin Enterprises, testified that Godwin Enterprises, together with her husband, predecessor in title to Godwin Enterprises, collectively possessed the disputed property from 1947 to 1987 by cleaning and mowing the property and harvesting pecans from it; 2) Ms. Godwin also testified that former tenants who lived on the Godwin property during the years 1947 to 1958 used the property in question for a front yard and for parking their automobiles; and finally, 3) Ms. Godwin, as well as two former tenants of the Godwin property, testified that the Godwins enclosed the area in question by fence from 1947 to 1976.
In sharp distinction, the Taylors presented the following evidence contradicting Godwin Enterprises’ assertion of adverse possession: 1) three separate surveys, conducted in 1966 on the Godwin property, and 1985 and 1987 on the Taylor property, were consistent with the description of the coterminous properties in the deeds of the parties; 2) the 1966 survey did not show a fence existing between the properties at that time, nor did the surveyor remember seeing such a fence; 3) Ms. Inez Thompson, a former tenant and later record holder of the Taylor property, testified that while she lived on the property in 1954, she could not recall a fence being around the disputed area; 4) a former lessee of a building located on the Taylor property testified that in the early 1980’s, Ms. Godwin asked his permission to cut the grass and collect pecans from the property now in dispute, and that at no time did Ms. Godwin claim that she owned the property in question; and finally, 5) Ms. Godwin admitted that she did not actually notify the Taylors, nor their predecessors in title, of Godwin Enterprises’ claim to the property in question until sometime in 1986 or 1987.
The trial court found that Godwin Enterprises failed to prove by clear and convincing evidence that it, together with its predecessor in title, manifested open, notorious, hostile, continuous, and exclusive possession of the disputed property for a period of ten years. Thus, Godwin Enterprises failed to prove the elements of statutory adverse possession and prescription. Particularly in a case such as this, in which the evidence concerning the ownership of disputed property is contradicted, the conclusions of the trial court will stand, absent a showing that such findings are palpably erroneous or manifestly unjust. Appellant has failed to show such error.
Last, Godwin Enterprises asserts that the Taylors are precluded from seeking relief in the present case by operation of the equitable doctrine of laches. God-win Enterprises argues that the Taylors’ delay in bringing this action is inexcusable and has worked to its disadvantage by denying it the testimony of a witness who died two years prior to the lawsuit, as well as the testimony of Mr. Godwin, who, at the time of trial of this lawsuit, was suffering from Alzheimer’s disease and was unable to testify. Assuming, without deciding, that the doctrine of laches is applicable to the present action, we find that the doctrine of laches does not preclude the Taylors from seeking relief in the present case.
This Court has long recognized the following principles regarding the doctrine of laches:
*706 “To be affected by laches, the delay must have been with notice of the existence of the right, resulting in disadvantage, harm, or prejudice to another, or have operated to bring about changes in conditions and circumstances so that there can no longer be a safe determination of the controversy. Thus, special facts which make the delay culpable must appear. Lipscomb v. Tucker, 294 Ala. 246, 314 So.2d 840 (1975); McCary v. Treadway, 289 Ala. 334, 267 So.2d 410 (1972); Merrill v. Merrill, 260 Ala. 408, 71 So.2d 44 (1954).”
Touchstone v. Peterson, 443 So.2d 1219, 1226 (Ala.1983) (emphasis added).
In the present case, Godwin Enterprises admits that the dispute over the property in question did not begin until 1986 or 1987, when it, via Ms. Godwin, claimed ownership of the property after the Taylors proposed to build on it. In fact, the record reveals testimony by a former lessee of the Taylor property that in the early 1980’s, Ms. God-win actually requested and was granted permission to use the area now in dispute. The record further indicates that upon being apprised of the facts as understood by Godwin Enterprises, the Taylors took immediate steps to ascertain the legal ownership of the property in question. While Godwin Enterprises did present evidence that its predecessor in title enclosed this property by fence from 1947 to 1976, the Taylors presented evidence disputing the existence of the fence. Once again, when faced with contradictory evidence of the nature presented in this case, the finding of the trial court stands, absent an abuse of discretion. Appellant has failed to show that the trial court abused its discretion in finding that the doctrine of laches does not preclude the Taylors from seeking relief in the present case.
Accordingly, the trial court’s judgment in favor of the Taylors, denying Godwin Enterprises’ claim to the property in question, is due to be affirmed.
AFFIRMED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.