ADAMS, Justice.
This case involves a boundary line dispute between Cludie Bowen • and Louise Mitchell. Following a nonjury trial, the judge established the boundary line in accordance with a survey done by Mitchell’s surveyor, James. E. Barry, Sr. Bowen appeals, arguing that the line should have been set in accordance with a survey done by Bobby Bailey.
We have previously written:
“It is well settled that:
“ ‘In a case tried ore tenus, there is a presumption of correctness and the trial court’s findings will not be disturbed unless they are palpably wrong, without supporting evidence or manifestly unjust. Gertz v. Allen, 376 So.2d 695 (Ala.1979); Sudduth v. Sudduth, 366 So.2d 1102 (Ala.1979).
“Silverman v. Charmac, Inc., 414 So.2d 892, 894 (Ala.1982).
“ ‘[T]his rule is especially applicable in cases in which the trial court makes its findings of fact after hearing conflicting evidence; every presumption will be indulged in favor of the court’s findings, and those findings will not be disturbed unless palpably wrong....’
“Gulledge v. Frosty Land Foods Int’l, Inc., 414 So.2d 60, 63 (Ala.1982).... ‘[T]his court will rarely disturb the judgment of the trial court in a boundary line dispute or adverse possession case which turns on issues of disputed facts.’ Thomas v. Davis, 410 So.2d 889, 892 (Ala.1982).”
Drennen Land & Timber Co. v. Angell, 475 So.2d 1166, 1170 (Ala.1985). See also Helms v. Powell, 514 So.2d 1025 (Ala.1987); Sims v. Vandiver, 504 So.2d 250 (Ala.1987); and Wallace v. Putman, 495 So.2d 1072 (Ala.1986).
The disputed line separates Mitchell’s property, the SW ¼ of the SE xk of Section 17, Township 18 South, Range 11 East, from Bowen’s property, the SE ¼ of the SW ⅛4 of the same section. Both parties offered surveys attempting to establish the disputed line. After hearing the testimony and reviewing aerial photographs, the judge agreed with the survey offered by the plaintiff’s expert. Given the standard of review set out above, we must determine whether the appellant has shown the judgment to be without supporting evidence or to be palpably wrong or manifestly unjust. We are of the opinion that the judgment is due to be affirmed.
The evidence supporting the judge’s order is principally found in the testimony of Mitchell’s surveyor, James E. Barry, Sr. A review of Barry’s survey (see attachment) indicates that he located the southwestern comer of Bowen’s property. This corner was evidenced by a rock pile and was also indicated on Bailey’s survey. He also located an iron pin at the southeastern corner of the SE ¼ of the SE lh (the quarter-quarter to the east of Mitchell’s property). Unable to locate the southeastern comer of Mitchell’s land, Mr. Barry prorated the distance between the two known corners in order to determine Mitchell’s eastern property line and the disputed western boundary line of Mitchell’s property. He testified that this proration resulted in southern lines of 1295.96' for both Bowen and Mitchell. The normal length of a quarter-quarter section line is 1320' according to Barry’s testimony. While he admits that his prorated lines were a little short, being *1385 only 1295.96', he explained that Bailey’s survey indicated that Bowen’s southern quarter-quarter line would be 1475', thereby leaving Mitchell’s quarter line extremely short.
A further look at Barry’s survey indicates that he located the northwestern corner of the quarter-quarter section north of Bowen’s property (i.e., the northwestern corner of the NE ¼ of the SW ¼). This corner was evidenced by a buggy axle. He then prorated the distance between that corner and Bowen’s southwestern corner in order to determine the northwestern corner of Bowen’s property. The proration resulted in Bowen’s western quarter-quarter line being 1331.91'. Barry also located an iron pin that he contends indicates* the northeastern corner of Mitchell’s property. Using these known corners, he then determined the northwestern comer of the Mitchell property (i.e., the northernmost point of the disputed boundary line). The northern line of Mitchell’s property was determined to be 1302.12'. The northern line of Bowen’s property was determined to be 1303.30'. After making the above investigation and adjustments, Barry testified, he believed his survey to be correct.
In reaching his decision, the trial judge considered Barry’s survey, as well as aerial photographs, which, the judge indicated, showed cultivation ending near where Barry determined the line to be.
There was credible evidence to support the judge’s finding. The judgment based on that finding is not plainly and palpably wrong, and it is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
*1386 [[Image here]]