PER CURIAM.
This is an appeal from a judgment establishing a boundary line between coterminous landowners.
Tim and Ollie Dozier and Henry Hubbert own adjoining properties located between Old Glen Allen Road and Alabama Highway 129 in Fayette County. Tim and Ollie own the land north of the disputed parcel; Henry owns the land south of the disputed parcel. Both property owners claim title to the disputed parcel and the house located thereon; that parcel stretches from the south 40 line to a fence line and hedgerow situated between their properties.
*108 Both properties had originally been owned by C.W. Hubbert. After his death, his daughter Ethel received the northern parcel and his son Clarence received the southern parcel. During their lifetimes, both Clarence and Ethel claimed title to the property in issue but took no action to determine the exact location of the boundary line between their properties. After Ethel’s death in 1978, her granddaughter, Susan Dozier, received the northern parcel. Although she took by deed, Susan was unsure as to the location of the boundary line. In March 1984, Susan and her husband sold the property to Tim and Ollie Dozier. At that time, Tim and Ollie agreed with Susan to wait until after Clarence’s death to take any action to determine the actual boundary line between the two properties. Following Clarence’s death, Henry received the southern parcel. Henry testified as follows concerning his later agreement with Tim and Ollie to have a survey performed to determine the boundary line:
“Q Mr. Hubbert, have you ever made an agreement with anybody as to where this boundary line was?
“A No, sir.
“Q You yourself?
“A No, sir.
“Q Were you ever party to an agreement by anybody else to where the boundary line was?
“A Only people we’ve ever had any discussion with is the Doziers here.
“Q Did you have a conversation with Holly [sic] Dozier at some time that you didn’t, that you would be willing to abide by a survey?
“A Is this Ms. Holly [sic] Dozier?
“A Yes.
“A I do.
“Q Was that at some time after they purchased the property?
“A I went over there one Sunday afternoon and I think it was talked about and my dad was ill at that time, he'd had a stroke and I think the landlines were mentioned and I called and I told her that I would pay for half the landlines to be run at that time. Then I talked with some people that lived in that area and they said that landline had always been established down there, the fence had been established and I called these people back and told them I wouldn’t pay for half of it and I also called Bud Mangum and told him that I wouldn’t pay for half of that land to be surveyed and he said, ‘I’m going to accept it like it is.’ ”
The land survey subsequently performed at the request of Tim and Ollie, based upon their deed, determined that the property in issue was part of the land described in their deed.
On July 16, 1987, Tim sued Henry, seeking to quiet title to the property in issue and thereby to establish the boundary line. He claimed the boundary line to be that which is described as his southern boundary in his deed:
“Begin at the SW corner of the NW lk of the SW ½ of Section 18, Township 14 South, Range 11 West; thence run 64.95 feet to an iron pin located on the East Right-of-way line of the Old Glen Allen Road; thence continue in an easterly direction along the ¼ section line to an iron pin on the West Right-of-way of Alabama Highway 129.”
He also sought all rents collected on the property since March 1984. Henry counterclaimed, seeking to quiet title to the property in issue by adverse possession and to thereby establish the boundary line. He claims that an established fence line and hedgerow located between the two properties mark the boundary line. He also sought $20,000 in punitive damages for Tim’s alleged willful, reckless, and wanton trespass onto his land. After evidence was presented ore tenus, the trial court rendered judgment in favor of Henry. In its final judgment, the trial court established the “Old Established Fence Line and hedge row” as the boundary line between the two properties. No damages were awarded. Tim appeals.
On appeal, Tim argues that Henry did not meet his burden of proving his title by adverse possession; he argues that Hen *109 ry’s possession was in fact permissive and not exclusive. We disagree.
We affirm the trial court’s judgment on the basis of this Court’s opinion in Bowen v. Mitchell, 540 So.2d 1383 (Ala.1989).
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and HOUSTON, JJ„ concur.
STEAGALL, J., concurs in the result.