This case involves a dispute among heirs as to the ownership of certain property. The only issue is the question of ownership *Page 117 
of "parcel one," a 120-acre parcel of land located in Choctaw County, Alabama. The trial court held that the parcel was jointly owned by all of the heirs of the original owner, who had fathered two sets of children. The second set of children claims that they own the property to the exclusion of the first set, because, they say, their mother had obtained title by adverse possession. We affirm.
The facts are not in dispute. On August 26, 1882, the parcel of land in question was conveyed by warranty deed to Lafayette Doss and his wife. At the time, Lafayette Doss was married to Laura Young Doss, by whom he had nine children. Laura Young Doss died December 12, 1893, intestate. Lafayette Doss remarried Willie Potter Doss, a/k/a Willie A. Doss, and by her he had six children. Lafayette Doss devised his interest in the property (by will probated May 8, 1937) to his second wife. She died in 1958 and devised the property by will to their six children.
On March 31, 1980, the heirs of the first wife filed an action for the sale of four parcels of land for a division of the proceeds. A hearing was held on October 28, 1985, at which time the attorneys for the parties stipulated as follows:
 "Stipulate as to Parcel One that the record title into the children of Laura Young Doss is 1/9 of 1/2 and into the children of Willie Doss is 1/6 of 1/2, subject to any claims of adverse possession." [Tr. 7]
The trial court rendered a decision July 22, 1988, which found joint ownership of all four parcels of land and decreed that the property should be sold and the proceeds divided among the parties. Three of the parcels were then sold by agreement. Defendants Julius T. Doss, Willie Hodges, and Tommy Doss filed a motion for a new trial as to parcel one, which was denied. They appeal.
We must decide whether the trial court erred in finding joint ownership of parcel one in the heirs of Laura Young Doss and Willie Potter Doss. The appellants contend that title is vested exclusively in the heirs of Willie Potter Doss by virtue of the doctrine of adverse possession.
There are two types of adverse possession recognized in Alabama: statutory adverse possession and adverse possession by prescription. Bergen v. Dixon, 527 So.2d 1274, 1277 (Ala. 1988). The elements necessary for each were set forth by this Court in Tidwell v. Strickler, 457 So.2d 365, 368 (Ala. 1984):
 "Both require the common elements of actual, exclusive, open, notorious, and hostile possession under a claim of right, but the statutory version, which requires possession for only ten years rather than the twenty years required by the prescription version, also requires that the possessor hold under color of title, have paid taxes on the property for ten years, or have derived his title by descent or devise. Code 1975, § 6-5-200. Downey v. North Alabama Mineral Development Co., 420 So.2d 68 (Ala. 1982)."
Code of Alabama 1975, § 6-5-200, provides in pertinent part as follows:
 "(a) Adverse possession cannot confer or defeat title to land unless:
 "(1) The party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for 10 years before the commencement of the action.
 "(2) He and those through whom he claims shall have annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action if the land is subject to taxation; or
 "(3) He derives title by descent cast or devise from a predecessor in the title who was in possession of the land. . . ."
Under the facts of this case, the appellants do not qualify under either theory of adverse possession. A requirement necessary for the perfection of title under either theory, hostile possession, is not satisfied, as evidenced by the testimony presented to the trial judge in this case. This Court has said: *Page 118 
 " ' "Each tenant in common has an equal right to occupy the common freehold, and the exercise of ordinary acts of ownership by one, is not, without more, an adverse holding which can ever ripen into a title. To have that effect there must be an actual ouster, or actual refusal of the co-tenants' right to occupy. Actual occupancy, actual exercise of acts of ownership, actual improvements of the property, may all co-exist, and yet the holding not become adverse to the co-tenant. Eviction, denial of the right to enter, or exclusive claim of the right to occupy must exist, and must be shown to have been made known to the co-tenant, before the possession becomes adverse in law. . . ." [emphasis in original.]' "
Hayden v. Robinson, 472 So.2d 606, 610 (Ala. 1985), quotingSmith v. Persons, 285 Ala. 48, 55, 228 So.2d 806, 812 (1968), which quoted Johns v. Johns, 93 Ala. 239, 9 So. 419 (1890).
The testimony reflects that after the death of Lafayette Doss, Willie Doss continued to live on parcel one with her son, Julius T. Doss, and her stepson, John Doss (a child of the first wife). All three lived on this property and jointly farmed and occupied it. Julius T. Doss testified that John Doss handled the family business until he died and that he was executor of his father's will. Both Willie Doss and John Doss paid the taxes on the property. After John Doss died, Julius T. Doss paid the taxes on the property. Various descendants of both the first and the second set of children lived on the property from time to time. Therefore, we cannot say the trial court erred in finding that Willie Doss did not obtain title by adverse possession.
Furthermore, the testimony was presented ore tenus. We have said that the ore tenus rule, which, on appeal, accords a presumption of correctness to a trial court's findings, is particularly strong in boundary line disputes and adverse possession cases. Wallace v. Putman, 495 So.2d 1072 (Ala. 1986), Bell v. Jackson, 530 So.2d 42 (Ala. 1988).
For these reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.