SHORES, Justice.
Houston Weeks filed suit against the Chamblees, asking the court to fix the boundary line between their adjoining properties. After an ore tenus nonjury trial, the court held that Weeks had adversely possessed the disputed strip of land for the requisite period. The defendants appealed. We affirm.
When a trial judge hears ore tenus evidence in a boundary line dispute, the court’s judgment determining the boundary line is presumed correct and will be upheld if supported by credible evidence. Bell v. Jackson, 530 So.2d 42 (Ala.1988); Nelson v. Styron, 524 So.2d 353 (Ala.1988); Helms v. Powell, 514 So.2d 1025 (Ala.1987). We have thoroughly reviewed the record and find credible evidence that Weeks had adversely possessed the land in question.
Chamblee argues that the trial court erred in not submitting the dispute to a jury because the case involved a claim for money damages. This claim is without merit because it was within the trial judge’s discretion to make findings regarding incidental damages. See Anderson v. Wooten, 549 So.2d 40 (Ala.1989). Cham-blee also claims that a jury trial was required because he allegedly was in possession of the land when the suit was filed in 1987, and, thus, he says, the suit amounted to an action in ejectment.
The record indicates that Weeks adversely possessed the land beginning in 1954 and that the parties began actively disputing the boundary in 1986 and agreed to have a survey done to determine the “true” line. After the survey was completed, defendant Royce Ray Chamblee built a *1216 fence on the survey line, which was south of the boundary claimed by Weeks. Five to six months later, Weeks brought his suit to have the court determine the true boundary line. Chamblee bases his claim of possession on the fact that he built the fence on the survey line, which was the southern boundary of the disputed strip, a few months before suit was brought. The fact that Weeks permitted Mr. Chamblee to maintain a fence on his property for a few months does not require a holding that the Chamblees were in possession of the land or that an action in ejectment was necessary for the court to fix the boundary. See Hagood v. Hensley, 371 So.2d 421 (Ala.1979).
Alternatively, Chamblee strenuously insists on appeal, as he did at trial, that Weeks “should be estopped [as a matter of law] to claim the boundary between them to be anything other than the line established by the survey.” Chamblee rests his estoppel argument on the contention that he and Weeks agreed to have the “correct” line established by an agreed-upon survey- or and to divide the costs equally between them. While we accept the general proposition that, where adjoining landowners agree in advance to be bound by a survey fixing the line between them, the law will recognize the line so established, we do not agree, under the evidentiary posture of this case, that the trial court was bound to accept Chamblee’s estoppel defense. Because the evidence was in dispute with respect to any alleged agreement between the parties to be bound by the survey, the trial court was required to resolve this factual dispute. Because the record reveals ample evidence to support the trial court's resolution of this issue, we find no basis for reversal.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.