SHORES, Justice.
This is a dispute over a boundary line and the use of well water. James Harold Knight, the plaintiff/appellee, and Cecil and Margaret Waldrop, the defendants/appellants, are coterminous landowners in Winston County, Alabama. The tracts owned by the parties were once a single parcel; it was divided into two separate parcels. Knight is in possession of the northern half and the Waldrops are in possession of the southern half.
Knight sued the Waldrops, asking the court to fix the boundary line between the adjoining properties and to enjoin the Wal-drops from interfering with his use of water from the well along the common boundary. The Waldrops filed an answer and a counterclaim praying for a determination of the land line and praying that Knight be ordered to cease and desist from using the well.
After an ore tenus, non-jury trial, the judge entered an order holding that the coterminous boundary line ran across the center of the well and giving each party *235 equal access to the water produced by the well. The Waldrops appeal. We affirm.
When a trial judge, without a jury, hears ore tenus evidence in a boundary line dispute, a judgment determining the boundary line is presumed correct and will be upheld if supported by credible evidence. Bell v. Jackson, 530 So.2d 42 (Ala.1988); Nelson v. Styron, 524 So.2d 353 (Ala.1988); Helms v. Powell, 514 So.2d 1025 (Ala.1987); Chamblee v. Weeks, 557 So.2d 1215 (Ala.1989). We have thoroughly reviewed the record, and we find credible evidence that supports the trial judge’s decision.
The original owner of the entire parcel was Knight’s uncle. Knight acquired title to his parcel from his uncle in 1959. The record reflects that Knight’s deed to his property from his uncle contained this language: “It is agreed by and between the parties hereto that they share the water from a well located on the line between their respective property and William C. Knight [the uncle] shall have the right to use water for another house to be built near said line provided he can do so without disfurnishing the said James H. Knight.” (C.R. 6.) The Waldrops acquired their property in 1975 from Oliver and Orlena Painter. Their deed contains similar language: “It is agreed by and between the parties hereto that they share the water from a well located on the line between their respective property and James Knight.” (C.R. 7.)
James Orbie Brock, who has lived next to the disputed properties for 36 years, testified that the property line was established by measurements made by two men in the community. He said that they began at the northeast corner of Brock’s property and measured so as to divide the parcel into halves. He said that the well was drilled on this line in 1959.
Kenneth Johnson, a land surveyor, established a line that placed the well over a foot onto the Waldrop property. However, on cross-examination he admitted that he was unclear about the proper point of beginning of the survey. Johnson testified as to the line he surveyed: “It fits the deed description. Not exactly, but it is real close.” (R. 18.)
The trial court resolved the factual dispute presented by the conflicting evidence. Because the record reveals ample evidence to support the trial court’s resolution of the issue, we affirm.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.