This is a boundary line dispute between the coterminous owners of Lots 5 and 6 of Byrd Shores Subdivision, on Lake Oliver, Section 22, Township 18, Range 30, Lee County, Alabama. On September 28, 1989, *Page 582 
Dr. Judson R. Ireland, owner of Lot 6, filed a complaint pursuant to Alabama Code 1975, § 35-3-1 et seq., against Dr. Richard Valentine, owner of Lot 5. Ireland sought to have the court determine the boundary line and sought ejectment. Valentine counterclaimed, asserting his claim to portions of Lot 6 based upon a claim of adverse possession.
This case was tried on May 1, 1990, ore tenus. The trial judge entered a judgment in favor of Ireland, establishing the disputed boundary line in accordance with the survey made by Bobby R. Hobbs, a registered land surveyor. He held that Valentine had acquired no portion of Lot 6 by adverse possession. Valentine filed a motion for a new trial, or, in the alternative, to alter or amend the judgment. That motion was denied. Valentine appeals. We affirm.
When a trial judge, without a jury, hears ore tenus evidence in a boundary line dispute, the judgment determining the boundary line is presumed correct and will be upheld if supported by credible evidence. Bell v. Jackson, 530 So.2d 42
(Ala. 1988); Nelson v. Styron, 524 So.2d 353 (Ala. 1988); Helmsv. Powell, 514 So.2d 1025 (Ala. 1987); Chamblee v. Weeks,557 So.2d 1215 (Ala. 1989); Waldrop v. Knight, 562 So.2d 234 (Ala. 1990).
We have carefully reviewed the record in this case and find credible evidence that supports the judgment. The trial judge determined the boundary line on the basis of a survey by a registered land surveyor made in accordance with the 1962 Byrd Shores Subdivision plat filed in the Probate Court of Lee County, Alabama. This survey showed Valentine to have encroached on Ireland's property.
We find no merit in Valentine's claim of adverse possession. This Court has explained the requirements of proof to establish adverse possession as follows:
 "There are two types of adverse possession recognized in Alabama: statutory adverse possession and adverse possession by prescription. Bergen v. Dixon, 527 So.2d 1274, 1277 (Ala. 1988). The elements necessary for each were set forth by this Court in Tidwell v. Strickler, 457 So.2d 365, 368 (Ala. 1984):
 " 'Both require the common elements of actual, exclusive, open, notorious, and hostile possession under a claim of right, but the statutory version, which requires possession for only ten years rather than the twenty years required by the prescription version, also requires that the possessor hold under color of title, have paid taxes on the property for ten years, or have derived his title by descent or devise. Code 1975, § 6-5-200. Downey v. North Alabama Mineral Development Co., 420 So.2d 68
(Ala. 1982).' "
Doss v. Duggan, 555 So.2d 116, 117 (Ala. 1989). Valentine does not qualify under either theory of adverse possession.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY. JJ., concur.