Defendants appeal from a judgment for plaintiff in a boundary line dispute. We affirm.
In 1946, H.F. Adams was the owner of all the land in question. On part of the land, he constructed a two-room house for occupancy by his daughter.
In 1946, Adams executed a deed by which he sought to convey to Seth E. Day the house and the parcel of land on which it was located. The deed to the parcel provided for a width of 50 feet running north and south and for a depth of 150 feet running east and west. As described, the parcel included only a small portion of the house, which was intersected by the parcel's southern boundary. Day moved into the house, and he and his successors in title, including defendants Smith, occupied it to the time of the trial of this case. Defendants Smith and their predecessors in title actually occupied and used some land that was not included in the description in their deeds.
In 1953, Adams conveyed the land to the north and south of the parcel to plaintiff Clark. The description in the deed to Clark corresponded with that in the deed to Day.
The trial court held, and it is undisputed on appeal, that a new southern boundary was established by more than 20 years of adverse possession. That boundary is a hedgerow which runs from a point at the western edge of the property approximately 40 feet south of the described boundary to a point at the eastern edge of the property approximately 24 feet south of the described boundary.
The trial court held that a new northern boundary was created by adverse possession by plaintiff Clark and that it runs parallel to and lies 50 feet north of the hedgerow. The trial court also held that defendants had acquired an easement for a driveway over a portion of the property lying between the new northern boundary and the northern boundary described in defendants' deed.
Defendants contend that the northern boundary should be that described in their deed. Defendants argue that the trial court erred in fixing the northern boundary because there was no dispute regarding the northern boundary.
In 1973, when plaintiff and defendants first learned that the recorded boundaries were not located where they had thought, they agreed that the recorded boundaries would be honored and that defendants would remove their house from that part of the land which lay below the recorded southern boundary.
Defendants contend that the trial court erred in not giving effect to the agreement. Plaintiff admits that there was such an agreement, but contends that it is without effect because defendants did not remove the house but built on to it and because defendants refused to recognize the boundary lines agreed on.
We hold that the agreement did not establish the northern boundary as defendants contend. Defendants have not shown that they occupied the land up to the agreed-upon boundary for ten years, nor have they shown that the agreement was followed by acquiescence and possession by both adjoining owners up to the line agreed upon. See Lay v. Phillips, 276 Ala. 273,161 So.2d 477 (1964); Baldwin v. Harrelson, 229 Ala. 469, 158 So. 416
(1934). Furthermore, this Court should not enforce an agreement where the party seeking to enforce the agreement has failed to perform his part of the bargain.
Defendants' contention that the complaint shows that the northern boundary was not disputed is incorrect. In his complaint, plaintiff claimed that he had adversely possessed the land down to the new northern boundary and states that defendants had actual possession to that boundary only.
Defendants further contend that the trial court determined the northern boundary *Page 722 
without sufficient physical evidence. They point out that the only physical evidence relied on by the court in determining the northern boundary was a large pine tree. They argue that the location of that pine tree was never established and further that a line cannot be established from a single point. Plaintiff replies that the hedgerow along the southern boundary was an adequate point of reference for determining the northern boundary of a 50-by-150 foot lot.
The principle governing review of the evidence in boundary cases is set forth in Barnett v. Millis, 286 Ala. 681, 684,246 So.2d 78, 80 (1971):
 "The rule has been applied in boundary line disputes that questions of adverse possession are questions of fact properly determined by the trier of facts and the determination so made, where the evidence is taken orally, as here, is favored with a presumption of correctness and will not be disturbed on appeal unless plainly erroneous or manifestly unjust. . . ."
 "The reason frequently given for that rule is that the trial court can better judge the credibility of witnesses by seeing and hearing them testify. That rule is particularly appropriate in this case because most of the witnesses were questioned about lines, locations, distances, monuments, culverts, fences and the like which appeared on a diagram which had been drawn on a blackboard.
 "The answers of the witnesses given in response to questions so propounded are meaningless to us, since we do not have the pointing finger or any information which enables us to determine the particular line, location, distance, monument, culvert or fence to which the witness referred. The trial court was not so limited. . . ."
On examination of the record in this case, we find ourselves in a position similar to that in which we found ourselves inBarnett. The record contains numerous indications that the witnesses were pointing to positions on various exhibits. Neither party has taken the trouble to preserve a record as to these references. Although the pine tree was the only specific point mentioned, we cannot say from the record that it was the only physical evidence on which the trial court could rely. The trial court saw the positions on the exhibits to which the witnesses pointed. We have not. We cannot say that his findings are "clearly erroneous." Thus, under Rule 52, ARCP, and the presumption stated above in Barnett, we will not set aside his findings regarding the location of the northern boundary in this case where supported by credible evidence.
Finally, defendants contend that plaintiff failed to show clear and convincing evidence of actual, clear, definite, positive, notorious, open, continuous, adverse, and exclusive possession of the land claimed. They argue, moreover, that the trial court's granting of an easement to defendants over the land in dispute is inconsistent with a finding that plaintiff had exclusive possession of the property claimed. Plaintiff replies only that the testimony supports his claim of adverse possession.
Again, the evidence on this point is such that we cannot say that the trial court's finding is "clearly erroneous" under Rule 52, ARCP. Thus, we will not set aside the trial court's finding that plaintiff had such possession of the land in question, excluding that part over which an easement was granted, so as to give him title by adverse possession. Such possession is sufficient in our judgment to establish the northern boundary line.
Moreover, although the trial court's grant of an easement may appear to be inconsistent with its grant of title by adverse possession, this inconsistency is a problem only with reference to that part of the land over which the easement was granted. Neither party argues that the grant of the easement was error; thus that issue is not before us.
AFFIRMED.
JONES, ALMON and EMBRY, JJ., and SIMMONS, Retired Circuit Judge, concur. *Page 723