This is a boundary line case. We affirm.
Plaintiffs James B. Mitchell and James H. Mitchell acquired title to certain real property located in Madison County on 6 November 1980. The north boundary of that property caused the controversy which resulted in the filing of these suits in the nature of ejectment under § 6-6-280, et seq., Code 1975. The Mitchells are record title holders of land bounded on the North by the North line of the Southeast Quarter of the Southeast Quarter of Section 32, Township 5, Range 2 East in Madison County, Alabama. Defendant Sam W. Grooms, Jr., owns adjoining land on the North. The deed to Grooms's property describes its southern boundary adjoining the Mitchells' property as being the quarter-quarter section line. It is described as two acres in the Southwest corner of the Northeast Quarter of the Southeast Quarter of Section 32, Township 5, Range 2 East. In other words, the common boundary between these two tracts of land, according to the parties' deeds, is the quarter-quarter section line lying between the Northeast Quarter of the Southeast Quarter and the Southeast Quarter of the Southeast Quarter of Section 32. Grooms claims to be the owner by adverse possession of a strip of property which lies between the quarter-quarter section line and an old fence line that runs in a general easterly and westerly direction south of the quarter-quarter section line. Thus, Grooms claims, by adverse possession, a strip of land on the south side of the quarter-quarter section line up to which the Mitchells have the record title.
Grooms argues the old fence line which he claims is the true boundary line was recognized as the boundary line between the properties for many years. However, when the Mitchells purchased the land described in their deed, there was no monument, marker or other visible evidence of a claim by Grooms except a single strand of telephone wire that was installed within the past five or six years, next preceding the filing of this suit, and a "No trespassing" sign posted by Grooms near the rear of the disputed property. Such property claimed by Grooms consists primarily of woodlands from which Grooms did clear underbrush from time to time over a period of several years. However, Grooms presented no evidence showing the actual occupancy was clear, definite, positive and notorious.
The Mitchells filed a complaint alleging they are the owners of the disputed property and that Grooms entered upon it, and unlawfully withheld and detained it.[1] *Page 822 
Grooms answered by denial and asserted his ownership of the property with a counterclaim asking the court to establish the disputed boundary line as being south of the quarter-quarter section line.
The trial court, after hearing the evidence ore tenus, found the true boundary line between the Mitchells and Grooms to be:
 "2. The North boundary of the lands owned by Plaintiffs, and described in their Complaint, is the North boundary of the Southeast Quarter of the Southeast Quarter of Section 32, township 5 South, Range 2 East, Madison County, Alabama.
 "3. The South boundary of the lands owned by Defendant, and described in his Counterclaim, is the North boundary of the Southeast Quarter of the Southeast Quarter of Section 32, Township 5 South, Range 2 East, Madison County, Alabama."
This appeal ensued.
Grooms's sole claim to the property in dispute rests on adverse possession. The burden of proof rests upon him to prove his possession is actual, hostile, open, notorious, exclusive, and continuous for the statutory period. Lay v. Phillips,276 Ala. 273, 161 So.2d 477 (1964). The trial court found that Grooms had no color of title to the disputed tract of land and he had failed to establish adverse possession.
The property involved is woodlands which, when a claim of title by adverse possession is asserted to such, there must be shown a continuous and persistent cutting of timber or wood from the tract as evidence of the claim of ownership and thus an advertisement to the world that the claimant is occupying the entire tract, or some other continuous act, or acts of adverse possession must be proved. Rutland v. Georgia KraftCompany, Inc., 387 So.2d 836 (Ala. 1980).
A judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed correct and must only be supported by credible evidence. Kirby v.Jones, 370 So.2d 250 (Ala. 1979). In such cases, the trial court's conclusions will not be disturbed unless plainly erroneous or manifestly unjust. Smith v. Nelson, 355 So.2d 359
(Ala. 1978); Nelson v. Garrard, 403 So.2d 230 (Ala. 1981).
We find ample evidence to support the judgment and, after review of that evidence, it is clear the judgment of the trial court is not plainly wrong or manifestly unjust; therefore, the judgment is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.
[1] John Davis Mann and Laura Jane Mann also filed a complaint against Grooms. It was stipulated, before trial, that the issues and relevant facts in the case of Mann v. Grooms were identical to those presented in the case actually tried,Mitchell v. Grooms, and that the judgment of the court in the case actually tried would apply with equal force to both cases. This appeal involves both cases.