This is an appeal of a suit to recover possession of approximately two acres of farm land in Winston County.
The following facts are undisputed: The property in question is located in the southwest quarter of the northwest quarter of section 22, township 10, range 7 west, in Winston County. The entire southwest quarter of the northwest quarter of section 22 was at one time owned by two sisters, Mrs. Ira Alford and Mrs. Mattie Hunter Hulsey. Mrs. Alford owned the west half, and Mrs. Hulsey the east half.
On or about December 1, 1954, Mrs. Alford and her husband, J.W. Alford, conveyed to O.B. and Myrtie Hunter, in addition to other property not at issue,
 "16 acres more or less S. of the Double Springs and Cullman highway on the West side of the SW 1/4 of NW 1/4 Sec 22 TP 10 R7W beginning on the N line running east and west beginning in center of said 40 acres thence South to the line running east and west of said 40 acres all in TP 10 R7W."
Thereafter, the Hunters conveyed the same to their daughter Betty (Hunter) Hunter, and her husband, John O. Hunter. On or about May 26, 1982, John O. and Betty (Hunter) Hunter conveyed the following to Howard and Susan Strickler (plaintiffs):
 "All that part of the West 1/2 of the Southwest quarter of the Northwest quarter of Section 22, Township 10, Range 7 West lying South of U.S. Highway 278 and East of the Houston Road, County Road 63; containing two acres more or less."
Norman Tidwell purchased the entire east half of the forty acres from the heirs of Mattie Hulsey by way of several deeds dated between 1974 and 1976.
In 1982, the Stricklers employed W.H. Owens, a surveyor and engineer, to survey the dividing line between the east and west halves of the southwest quarter of the northwest quarter of section 22. That survey appears as Appendix A. *Page 367 
On January 25, 1983, the Stricklers brought suit in Winston County Circuit Court, seeking to recover possession of:
 "All that part of the West 1/2 of the Southwest 1/4 of the Northwest 1/4 of Section 22, Township 10, Range 7 West, lying south of U.S. Highway 278 and East of the Houston Road, County Road 63; containing 2 acres, more or less, situated in Winston County, Alabama, LESS AND EXCEPT a strip of land in the NW corner of said tract where a building is located which is occupied by the defendant."
Tidwell answered, asserting title by prescription and/or adverse possession, and disputed the accuracy of Owens's survey, upon which the Stricklers' claim was based. After an ore tenus hearing on July 6, 1983, the trial court rendered the following order on January 31, 1984:
"ORDER
 "This cause coming on to be heard on the pleadings and the testimony and evidence taken in open court, now upon consideration of the foregoing, it is ordered, adjudged and decreed as follows:
 "1. The plaintiffs Susan Strickler and husband Howard Strickler shall have and recover of defendant Norman Tidwell the possession of the following-described real property, namely:
 "All that part of the West 1/2 of the Southwest 1/4 of the Northwest 1/4 of Section 22, Township 10, Range 7 West, lying South of U.S. Highway 278 and East of the Houston Road, County Road 63, containing 2 acres, more or less, situated in Winston County, Alabama.
 "2. The Court strongly suggests to plaintiffs that they record in the office of the Probate Judge of Winston County, Alabama, Plaintiff's Exhibit 2 in this cause.
 "3. Obviously, the Court cannot adjudicate any questions of title, adverse possession, or similar questions as to persons who are not parties to this lawsuit.
 "4. The costs in this cause are taxed against the defendant, for which if not paid, let execution issue according to law."
Tidwell appeals here, asserting that the trial court erred by: (1) failing to establish a boundary line between the conterminous landowners; (2) failing to determine that he (Tidwell) owns the disputed property under color of title, by adverse possession or prescription; and (3) failing to apply principles of tacking to establish his adverse possession claim. We affirm.
The basic dispute is over the triangular or pie-shaped parcel of land bounded on the west by Houston Road (which is designated on Owens's survey by the word "pavement"), on the north by U.S. Highway 278, on the south by southern boundary of the southwest 1/4 of the northwest 1/4 of section 22 (designated on Owens's survey as N-88°-54'-30"E), and on the east by the disputed dividing line between the forty acres (designated as N-0°-58'-15"W). The Stricklers contend that they own the parcel by virtue of their deed from the Hunters and by their claim that the eastern boundary of their property is the disputed dividing line, as shown on Owens's survey. Tidwell, on the other hand, claims the parcel by virtue of his ownership of the eastern half of the forty acres, the western boundary of which, he claims, is and always has been, Houston Road. In the alternative, he contends that, even if Houston Road is not the western boundary of his property, he and his predecessors have openly, hostilely, continuously, notoriously, and exclusively possessed the disputed parcel for ten years, thereby acquiring title by adverse possession.
We must first reiterate our oft-quoted standard of review in these cases; a judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed correct and need only be supported by credible evidence. If so supported, the trial court's conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Grooms v. Mitchell, 426 So.2d 820 (Ala. 1983); Evans v. Green, 411 So.2d 788 *Page 368 
(Ala. 1982); McGilberry v. Belcher, 347 So.2d 370 (Ala. 1977).
Tidwell maintains that no boundary line was established by the trial court, in violation of Code 1975, § 35-3-3; which provides in pertinent part that "[t]he judgment shall locate and define the boundary lines involved by reference to well-known permanent landmarks."
We have previously held that decrees establishing boundaries between coterminous lands must be reasonably definite and certain in their descriptions and that ascertained boundary lines must be capable of being physically identified, their description leaving no room for the exercise of discretion as to their location. Ray v. Robinson, 388 So.2d 957 (Ala. 1980). The trial court's present description was sufficiently certain. Not only did the Court refer to ascertainable and definite boundaries, such as public roads and government survey lines, which the evidence shows are fixed by permanent markers, but it also incorporated by reference Owens's survey showing these boundaries. While mere reference to a survey, without a further undertaking to describe a boundary, renders a decree insufficient, nevertheless, where permanent monuments, natural or artificial are shown in evidence or are incorporated in the decree, they will suffice to fix a boundary. Ray, supra, citingLimbaugh v. Comer, 265 Ala. 202, 90 So.2d 246 (1956).
As to Tidwell's adverse possession claim, in Alabama there are basically two types of adverse possession; statutory adverse possession, and adverse possession by prescription. Both require the common elements of actual, exclusive, open, notorious, and hostile possession under a claim of right, but the statutory version, which requires possession for only ten years rather than the twenty years required by the prescription version, also requires that the possessor hold under color of title, have paid taxes on the property for ten years, or have derived his title by descent or devise. Code 1975, § 6-5-200.Downey v. North Alabama Mineral Development Co., 420 So.2d 68
(Ala. 1982). However, in cases like the present one, where adverse possession is claimed by a conterminous owner, the three latter requirements do not apply. Thus, a conterminous landowner, like Tidwell, must prove open, notorious, hostile, continuous, and exclusive possession for only ten years. He need not prove either a deed or color of title to the property, annual listings for taxation, or descent or devise from a predecessor in order to maintain his claim. Mardis v. Nichols,393 So.2d 976 (Ala. 1981).
Nevertheless, as in all adverse possession cases, possession cannot be presumed to be hostile. Cockrell v. Kelly,428 So.2d 622 (Ala. 1983). The burden rests upon the party asserting the adverse claim to prove actual, hostile, open, notorious, exclusive, and continuous possession for the statutory period,Grooms, supra, and such proof must be by clear and convincing evidence. Storey v. Patterson, 437 So.2d 491 (Ala. 1983). Whether the evidence establishes adverse possession is a question of fact, the determination of which, when made upon evidence presented ore tenus, is favored with a presumption of correctness and will not be disturbed on appeal unless plainly wrong or manifestly unjust. Smith v. Clark, 341 So.2d 720 (Ala. 1977). In view of evidence presented at trial tending to show that prior to Tidwell's suits, no one had ever disputed the Stricklers' or their predecessors' title, that Tidwell's predecessors had farmed the parcel only with the Stricklers' predecessors' consent, that between 1954 and 1975 the land was allowed to lie fallow, overtaken by weeds, that after Tidwell acquired the eastern half of the forty acres in 1975, he too farmed the disputed property only with the permission of the Stricklers' predecessors, and that he offered to purchase the disputed parcel from them, we have grave doubts as to whether either Tidwell's or his predecessors' possession of the land in question was hostile, open, notorious, exclusive, or continuous. Therefore, we cannot say the trial court erred in finding no adverse possession by Tidwell. *Page 369 
We are aware that because Tidwell had not owned the conterminous property or possessed the tract for at least ten years, his only possibility of establishing adverse possession rested upon application of the principles of tacking. We are also aware that tacking is, generally, permitted in favor of conterminous landowners. Johnson v. Brewington, 435 So.2d 64
(Ala. 1983). We are not, however, convinced, as is Tidwell, that the trial court did not apply the principle here. Even though the trial judge did not set forth specific findings of fact, we believe that he had ample evidence before him concerning Tidwell's predecessors' possession and use of the disputed property, and that he considered the applicability of tacking but simply found Tidwell's predecessors' possession, like Tidwell's, to be nonadverse. In the absence of specific findings of fact by the trial court, we will assume that the trial judge made those findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight of the evidence. Powers v. Board ofControl, 434 So.2d 745 (Ala. 1983). The findings we have described are supported by the evidence.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur. *Page 370 
 APPENDIX A
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 371