HOLMES, Judge.
This is an adverse possession case.
The Lockharts filed suit against the Cor-corans in the trial court, claiming title to fifteen acres of land by adverse possession. The Corcorans filed a counterclaim for damages allegedly sustained when they were temporarily restrained by the trial court from cutting timber on the subject land.
Following a trial in which the evidence was presented to the trial court ore tenus, the trial court entered a judgment in which it found that the Lockharts had not established that they owned the fifteen acres. The trial court further ruled in favor of the Corcorans on their counterclaim and awarded them damages in the amount of $755.
The Lockharts appeal. We affirm.
At the outset we note that the Lockharts bear a heavy burden under the standard of review applicable in this case. “Whether the evidence establishes adverse possession is a question of fact, the determination of which, when made upon evidence presented ore tenus, is favored with a presumption of correctness and will not be disturbed on appeal unless plainly wrong or manifestly unjust.’ Tidwell v. Strickler, 457 So.2d 365, 368 (Ala.1984). The trial court’s judgment in such a case need only be supported by credible evidence. Jemison v. Belcher, 368 So.2d 849 (Ala.1979).
*94 Our review of the record reveals that the Lockharts have not met their burden on appeal. There is clearly credible evidence in the record which supports the trial court’s judgment.
Under Alabama’s law there are two types of adverse possession. The first type is statutory adverse possession under Ala. Code (1975), § 6-5-200. Under this statute, the party claiming the land must have possessed the land for ten years and must also hold the land under color of title, have paid taxes on the property for ten years, or have derived title by descent or devise. Tidwell, 457 So.2d at 368.
The second type of adverse possession is adverse possession by prescription, which requires that the claimant have possessed the land for twenty years. Hayden v. Robinson, 472 So.2d 606 (Ala.1985); Tidwell, 457 So.2d at 368.
Both types of adverse possession require that the claimant’s possession be “actual, exclusive, open, notorious, and hostile.” Tidwell, 457 So.2d at 368. The burden rests upon the claimant to prove by clear and convincing evidence that his possession of the land meets these elements. Tidwell, 457 So.2d at 368; Grooms v. Mitchell, 426 So.2d 820 (Ala.1983).
The evidence indicates that the Cor-corans acquired title to the fifteen acres in 1985 by virtue of a corrective warranty deed. Testimony showed that the Corcor-ans and their predecessors in title, the Myerses and the Wadsworths, had all exercised their ownership of the property in various ways over the years.
There was testimony that the Wads-worths and the Myerses had leased the land to others for grazing cattle. Mr. Myers had hunted on the land and given others permission to do so. Further testimony indicated that the Wadsworths planted pine trees on the property during the late 1940’s and that they had the trees thinned in 1965.
Testimony on behalf of the Lockharts indicates that they, too, may have done certain things which would indicate that they possessed the land. There was testimony that the Lockharts had also cut timber on the property, that they had hunted on it and planted trees, and that they regularly walked on the property to check for stills.
Even if the evidence supports the conclusion that the Lockharts did possess the disputed fifteen acres, at best such possession was exercised jointly with the Corcor-ans’ predecessors in title. Absent exclusive possession by the Lockharts, they cannot claim acquisition of the property by adverse possession. See Cockrell v. Kelley, 428 So.2d 622 (Ala.1983); Jemison, 368 So.2d at 851.
In view of the above, we find it unnecessary to address any of the other elements necessary for the acquisition of land by adverse possession under § 6-5-200 or by prescription.
The Lockharts also contend on appeal that the trial court erred in awarding the Corcorans $755 on their counterclaim. Neither party, however, has cited any authority to this court with regard to this issue.
It is neither this court’s duty nor function to do the appellants’ legal research for them. We, therefore, do not address this issue and simply affirm. Henderson v. Alabama A & M University, 483 So.2d 392 (Ala.1986); Dierkshiede v. McDowell Materials Corp., 491 So.2d 242 (Ala.Civ.App.1986). See Rule 28(a), Alabama Rules of Appellate Procedure.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.