ALMON, Justice.
Yassie Whitehead, Milton Whitehead, Mollie Commander, and J.W. Commander (“the Whiteheads”) filed an action to recover land from Forrest Fields, Sara Fields, and Clint Carter (“the Fieldses”). The Whiteheads claimed to own the land by adverse possession and sought damages for trespass thereto.[1] In a nonjury trial, the trial court heard the evidence ore tenus and entered judgment against Whitehead, holding that she had not proved her claim of adverse possession. The trial court further ordered that because Whitehead had not proved her adverse possession claim she was not entitled to damages for the alleged trespass. Whitehead appeals.
Whitehead argues that the trial court erred in holding that she did not prove adverse possession. In the case of coterminous landowners, a claim for adverse possession requires that the claimant prove that the possession was open, notorious, hostile, continuous, and exclusive. Cockrell v. Kelley, 428 So.2d 622, 622-24 (Ala.1983). Whitehead testified that she and her husband farmed the property to an old fence until 1934, when Mr. Whitehead died; that during World War II all of her farm workers went to fight in the war, and her property, no longer cultivated, grew into timber; that she did not go to the fence after 1934; that she could not identify the location of the fence; and that she remembered that, wherever the fence was, she and her husband had cultivated the land all the way to the fence.
Fields presented considerable evidence both to clarify what Whitehead remembered and to contradict her claim of adverse possession. Fields called Bobby Joe Espy, brother of defendant Sara Fields. Bobby Joe Espy testified that his father, Mr. Bob Espy, originally owned the entire tract of land adjoining the Whiteheads’ farm. Bobby Joe further testified that he had been familiar with the land for more than 40 years, and that after his father’s death the land was divided, with his sister Sara and her husband Forrest Fields receiving the portion of the land Whitehead claims. In 1961, Bobby Joe stated, a surveyor named Bence surveyed to establish the boundary line between the Whiteheads’ property and the Fieldses’ property. The Bence line was marked by concrete monuments. In 1965 or 1966, Bobby Joe continued, Forrest Fields erected a fence but did not build the fence on the land line because the terrain along the line was marked with washes, crags, and too many hills for a fence to be built there. Instead, he said, Forrest Fields built a fence approximately 150 feet from the land line, within the property given to Sara and Forrest. Bobby Joe indicated that this could not possibly be the same fence that Whitehead described.
Several other witnesses gave testimony virtually identical to Bobby Joe’s. Individuals who cut timber, other landowners adjoining the Whiteheads’ land, and members of the community who had hunted on the land testified that the Bence line was the property line as they knew it independently or through information from the Whiteheads. Forrest and Sara Fields’s testimony was substantially the same as Bobby Joe Espy’s.
“A judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed *299 correct and [need] only be supported by credible evidence.... [T]he trial court’s conclusions will not be disturbed unless plainly erroneous or manifestly unjust.” Grooms v. Mitchell, 426 So.2d 820, 822 (Ala.1983). Considering all the evidence presented, we cannot say that the trial court erred in finding for the Fieldses. The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.

. Because Vassie Whitehead is the principal claimant, we shall refer primarily to her as the plaintiff.