This is a boundary line dispute case.
After an ore tenus hearing, the trial court made a determination, establishing the boundary line between the parties.
Henry Grubbs and Lawdean Grubbs appeal the judgment of the trial court. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6). This court affirms.
The dispositive issue on appeal is whether the findings of fact made by the trial court are supported by the evidence.
It is not necessary to set out in detail the facts of this appeal. We do note that both parties have favored this court with excellent briefs, for which we are grateful.
A.V. Crosson and Vera M. Crosson filed a complaint in the circuit court, seeking a determination as to the true boundary line between the coterminous owners. As indicated above, an ore tenus hearing was held, and thereafter, a judgment favorable to the Crossons was entered.
The Grubbses contend that the trial court erred in failing to find that a monument established the boundary line, in failing to find that adverse possession established a boundary line favorable to them, and, finally, in not applying references to the quantity of acreage expressed in the deed when it determined the proper boundary line.
In effect, in the context of this appeal, all of the issues involved factual determinations made by the trial court.
We note that in cases where the trial court enters an order based on evidence received at an ore tenus hearing, its judgment is presumed correct. Moore v. Williams, 519 So.2d 1337
(Ala. 1988). The judgment of the trial court will be reversed only if it appears, after consideration of the evidence and all reasonable inferences to be drawn therefrom, that the judgment is plainly and palpably wrong. Moore, 519 So.2d 1337.
Further, we recognize that our supreme court in Lilly v.Palmer, 495 So.2d 522 (Ala. 1986), stated that the presumption of correctness which attaches to the findings of fact made by the trial court after an ore tenus hearing is particularly strong in an adverse possession case. The claimant in an adverse possession case must show by clear and convincing evidence that there was "actual, hostile, open, notorious, exclusive, and continuous" possession for the statutory period.Grooms v. Mitchell, 426 So.2d 820, 822 (Ala. 1983). Here, there is evidence to support the conclusion that the Grubbses failed to meet their burden of establishing adverse possession. *Page 595 
In Harmon v. Ingram, 572 So.2d 411 (Ala. 1990), our supreme court discussed the order of preference as to references in a deed used to establish the boundary line. References to natural monuments prevail over references to artificial landmarks; references to artificial landmarks prevail over references to course and distance. In this case, there was evidence that the monument, an old turnrow, had been obliterated. However, all the deeds contain exact calls for course and distance.
Our supreme court further stated that "[o]rdinarily, references to the quantity of acreage conveyed are construed as merely cumulative to more definite descriptions such as metes and bounds." Harmon, 572 So.2d at 414. There was evidence that the reference to acreage was not exact. Therefore, the trial court cannot be placed in error for relying on the course and distance calls found in the deeds.
Suffice it to say that the judgment of the trial court is supported by the evidence. Therefore, for this court to reverse would require that we substitute our judgment for that of the trial court. This, the law does not permit.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.