STEAGALL, Justice.
Hickory Grove Cemetery Memorial Fund, Inc., sued James L. Shepherd, seeking to quiet title to 10 acres of real property in Montgomery County. The Fund also sought to have the trial court reform an 1895 deed purporting to convey the property to the original trustees of Hickory Grove Cemetery. After hearing ore tenus evidence, the trial court entered a judgment in favor of the Fund, reforming the 1895 deed and holding that fee simple title to the property is vested in the Fund, as trustee of the Hickory Grove Cemetery. In its order, the trial court stated:
“This action seeks to have the Court quiet title to ten (10) acres of real property on which a cemetery is located in the small, rural community of Davenport in Montgomery County. Through the years, the cemetery has been maintained by members of the Hickory Grove Baptist Church and [their] descendants. The ten (10) acre property is divided by Hickory Grove Road. Approximately 6.3 acres lies north of Hickory Grove Road; 2.8 acres [is] presently enclosed by a fence, and the [Fund was] taking steps to enclose the remaining portion north of Hickory Grove Road when this dispute arose between the [Fund] and the Defendant concerning ownership of the portion not enclosed.
“The Court finds that a formal dedication of the Hickory Grove Cemetery occurred on March 18, 1895, when the owner of the real estate, George Powell, conveyed the same to W.J. Supples, D.S. Hurst and J.C. Fonville as trustees for use as a public burial ground "with said deed being recorded at Deed Book 37, pages 30 and 31 in Montgomery County. The Court concludes that pursuant to this instrument the tract of land became dedicated as a public cemetery with the named grantees as original trustees. The deed contained no provision for successor trustees, and none have been officially dedicated or appointed. After the deaths of the original trustees, *1267 the evidence was that Charles Williams, Bill Lassiter and Zelda Lassiter undertook to maintain the cemetery. These individuals maintained the cemetery until 1983, when Hickory Grove Cemetery Memorial Fund, Inc., was formed to provide perpetual maintenance of the cemetery. Hickory Grove Cemetery Memorial Fund, Inc., then, in effect, became a de facto trustee of the cemetery. The Court concludes that Hickory Grove Cemetery Memorial Fund, Inc., performed such duties and responsibilities as a de facto trustee from the time of its formation in 1983, and is continuing to do so. The Court concludes from these circumstances that Hickory Grove Cemetery Memorial Fund, Inc., is due to be, and is hereby, appointed successor trustee of Hickory Grove Cemetery situated in Davenport, Alabama.
“The deed executed in 1895 contained the following legal description:
“ ‘Ten acres (a square) in the southwest corner in the southwest quarter of the southwest quarter of Section 30, Township 13, Range 17, on which is situated the church house of Hickory Grove Baptist Church....’
“(Emphasis added.) However, the clear and convincing evidence is that the Hickory Grove Baptist Church and the cemetery were actually in existence at the time the deed was executed and were in fact located in the southwest corner of the southwest quarter of the southeast quarter of Section 30, Township 13, Range 17, and that the deed contained an error of draftsmanship. The error constituted a mutual mistake of the parties, and the clear and convincing evidence is that the parties to the deed intended to convey the property where the Hickory Grove Baptist Church and the cemetery were actually situated at the time of the execution of the deed and where the cemetery has been maintained over the years and where it is now maintained.
“The Defendant alleges that reformation of the deed would adversely affect the rights of a third party, Myrtie N. Scaife. Myrtie N. Scaife testified at trial. For a number of years, she and her family lived on the portion of the ten (10) acres which is located south of Hickory Grove Road across from the cemetery. The [Fund has] agreed to deed that portion of the property to Mrs. Scaife. Therefore, Myrtie N. Scaife will not be adversely affected by reformation of the deed.
“The evidence fails to show the Defendant has color of title to the property claimed by the [Fund], and the evidence fails to support a claim of adverse possession.1
“For the foregoing reasons, it is ORDERED, ADJUDGED and DECREED as follows:
“1. The Plaintiff Hickory Grove Cemetery Memorial Fund, Inc., is appointed as successor trustee of the Hickory Grove Cemetery situated in Davenport, Alabama, which was dedicated in the deed executed on March 18, 1895, by George Powell.
“2. The deed executed on March 18, 1895, by George Powell conveying ten (10) acres to W.J. Supples, D.S. Hurst, and J.C. Fonville as trustees is reformed on the basis of mutual mistake[, so as] to convey the following real estate:
“ ‘Ten acres (a square) in the southwest corner in the southwest quarter of the southeast quarter of Section 30, Township 13, Range 17.’
“3. Fee simple interest in the above described real estate is vested in Hickory Grove Cemetery Memorial Fund, Inc., as trustee of the Hickory Grove Cemetery, and Hickory Grove Cemetery Memorial Fund, Inc., is entitled to quiet and peaceable possession of said property to the exclusion of all others.
"1 The Defendant proffered a tax deed, which granted him title to property previously owned by the Defendant’s grandfather but contained no legal description identifying the specific property conveyed. The original deed of the Defendant’s grandfather expressly excepted the ten (10) acres on which the Hickory Grove Baptist Church was located."
On appeal, Shepherd argues that the doctrine of repose, which generally bars claims that are not asserted for 20 years, bars the relief ordered for the Fund; that his tax deed is sufficient to establish color of title and that he proved the elements of adverse *1268 possession; that the trial court erred in reforming the 1895 deed; and that a fence surrounding 2.8 acres of the 10-acre parcel establishes the boundary between coterminous landowners.
The record reveals that the parties had no dispute until 1991. We consider the doctrine of repose inapplicable to this case. Moreover, after reviewing the trial court’s order and the record before us, and given our standard for reviewing findings of fact based on ore tenus evidence, we hold that the trial court’s findings are supported by credible evidence and that its conclusions are not plainly erroneous or manifestly unjust. See Tidwell v. Strickler, 457 So.2d 365 (Ala.1984).
The trial court’s judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.