RICHARD L. HOLMES, Retired Appellate Judge.
James L. Lane filed a complaint, requesting that the trial court determine whether Nathaniel Bruce Jones and Florence C. Jones have any interest in a certain 6.17 acres of land located in Montgomery County, Alabama, and described in the complaint.
We would note that the dispute between Lane and the Joneses involves only 1.1 acres of the land. The remaining acreage is not adjacent to the land owned by the Joneses. Lane also requested that the trial court determine that the property could not be equitably divided and that the trial court issue an order, requiring that the property be sold and the proceeds of the sale be divided and distributed among the joint owners.
The case was tried without a jury. The trial court issued an order, which provided in pertinent part:
“[The Joneses] own no interest in the property in question, i.e., that portion of the abandoned railroad right-of-way easement which lies adjacent to their property and to which they have filed a claim of ownership.
“Upon consideration of this matter, the court is of the opinion that [Lane] is entitled to the relief prayed for in [his] complaint.”
The Joneses filed a motion for a new trial. After a hearing, the motion was denied.
The Joneses appeal. This case is before this court pursuant to Ala.Code 1976, § 12-2-7(6).
The issue which was before the trial court and which is before this court is whether the Joneses have an interest in the railroad right-of-way easement which runs along the north boundary line of their property.
At trial Lane contended that the original owner/grantor reserved unto himself the railroad right-of-way easement and that when the railroad abandoned the right-of-way easement, it reverted to the heirs of the original owner/grantor. We would note that Lane was not claiming ownership of the right-of-way easement because he was an adjoining landowner, but because he had acquired an interest in the right-of-way easement from one of the heirs of the original owner/grantor.
At trial the Joneses contended that they own the south half of the right-of-way because there is a presumption in Alabama that upon the abandonment of a railroad right-of-way, the abutting landowners absorb the abandoned right-of-way to the center line thereof, unless it is clear from the conveyances that the right-of-way was specifically reserved.
Thus, the trial court was required to determine from the testimony and the exhibits introduced into evidence whether the original owner/grantor had reserved the right-of-way easement unto himself and his heirs. In its order, the trial court made the following findings:
“Subsequent conveyances by the [original owner/grantor] and his heirs and successors in title either use the boundaries of the right-of-way easement in their description or the metes and bounds descriptions used describe the railroad right-of-way easement as their boundary. None of the subsequent deeds or conveyances purport to convey a fee interest in the land which underlies the railroad right-of-way.”
We note that in cases where the trial court enters an order based on evidence received at an ore tenus hearing, its judgment is presumed correct. Grubbs v. Crosson, 634 So.2d 593 (Ala.Civ.App.1994). The judgment of the trial court will be reversed only if it appears, after consideration of the evidence and all reasonable inferences to be drawn therefrom, that the judgment is plainly and palpably wrong. Grubbs, 634 So.2d 593.
*161 Suffice it to say that the judgment of the trial court is supported by the following evidence: (1) the testimony of a historian hired by Lane to locate the heirs of the original owner/grantor; (2) the testimony of Nathaniel Bruce Jones, who admitted that the survey and legal description to the property which he purchased show that his north property line is the south right-of-way line of the railroad’s easement and that when he purchased his property, he did not think that he was acquiring an ownership in the right-of-way; and (3) the deeds themselves.
This judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.