This boundary line dispute involves coterminous landowners who claim ownership of a strip of land located in the NE 1/4 of the SW 1/4 of Section 17, Township 19 South, Range 11 East, Randolph County.
In 1992, Dr. Gaston McGinnis sued Luther Rice, Terry Flournoy, Janice Flournoy, J.B. Stanley, and Helen Stanley, claiming that he had acquired title to the strip of land by adverse possession. The trial court, in a nonjury trial, found that McGinnis had acquired title to the land. Our standard of review in adverse possession cases where the court hears ore tenus testimony is as follows: "[A] judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed to be correct and need only be supported by credible evidence. If so supported, the trial court's conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust." Garringer v. Wingard,585 So.2d 898 (Ala. 1991), citing Tidwell v. Strickler,457 So.2d 365 (Ala. 1984). The presumption of correctness is particularly strong in adverse possession cases, because it is difficult for an appellate court to review the evidence in such cases. Garringer.
In cases involving coterminous landowners, a party claiming title by adverse possession must show that his possession was actual, hostile, open, notorious, exclusive, and continuous for 10 years. Cooper v. Cate, 591 So.2d 68 (Ala. 1991); Garringer.
After reviewing the record, we conclude that McGinnis presented credible evidence of adverse possession. In 1964, McGinnis purchased the land adjoining the defendants' property. McGinnis said that in 1965 he marked what he believed to be the boundary line. He said he repainted those markings twice and attached aluminum tags with his name and address to trees located on the disputed property. McGinnis built a *Page 951 
fence with a locked gate along the boundary at least 20 years before he filed this action. He planted and harvested timber on the property and regularly inspected the property.
When one owner of coterminous property builds a fence as the dividing line and occupies and claims the land up to that fence and does so with the knowledge of the owner of the other coterminous property, the claim of the former is presumptively hostile and the possession adverse. Garringer.
The judgment is affirmed.
AFFIRMED.
ALMON, HOUSTON, INGRAM and COOK, JJ., concur.