L. CHARLES WRIGHT, Retired Appellate Judge.
This case involves a boundary line dispute between coterminous landowners.
The record reveals the following pertinent facts: In 1945 H.T. Tucker and Clara Dell Tucker purchased certain property in St. Clair County, Alabama. A fence, which ran east to west, divided the Tuckers’ property into two sections. In 1970 the Tuckers sold the southern portion of their property to Roland Mashburn, Nancy B. Mashburn, and their relatives. At the time of the sale, Mr. Tucker informed the Mashbums that the “old fence” was the bounjaary line. In 1976 the Mashburns and their relatives divided the property purchased1 from the Tuckers. The Mashburns received 127.39 acres of land bordering the Tuckers’ property. In 1995 Mr. Mashburn constructed a new fence, which ran east to west; across property claimed by the Tuckers. The Tuckers advised Mr. Mashburn that his fence was located on their property and requested that he remove it.
Thereafter, the Tuckers filed a complaint against the Mashburns, requesting the trial court to determine the true and correct boundary line between their property and the Mashburns’ property. The Tuckers also requested the trial court to instruct the Mashburns to remove the fence erected by Mr. Mashburn. The Mashbums answered and counterclaimed, requesting the trial court to determine the trae and correct boundary line between the properties and to determine that they owned the disputed property by adverse possession.
Following oral proceedings, the trial court entered a judgment, stating, in pertinent part:
“3. That the southern boundary of the real property owned by [the Tuckers] adjoins and is contiguous to the northern boundary of the real property owned by the [Mashburns] and a dispute exists between the parties as to the location of the true and correct boundary line between the respective parcels claimed by each of the parties.
“4. That the Court finds that the [Tuckers] have been in open, hostile, notorious, exclusive, and adverse possession for more than twenty years of their lands, claiming as a boundary an old fence, which has been maintained by the [Tuckers] for more than forty years.
“5. That the [Tuckers] have raised cattle on their real property for more than twenty years and that the old fence was recognized by the [Tuckers] for said period as their boundary and that [the Tuckers’] cattle grazed on said real property up to said fence line; that when the [Tuckers] conveyed the real property to the [Mash-burns] in 1970, the [Tuckers] advised the [Mashburns] at that time that the old fence was the trae and correct boundary between the respective parcels of property.
“6. That a portion of the old fence maintained by the [Tuckers] is the trae and correct boundary between the [Tuckers’] real property and the real property owned by the [Mashburns], and such fence *402 is hereby established as the true and correct boundary between the properties owned by the parties.
“7. That the fence erected by the [Mashburns] encroaches onto the real property owned by the [Tuckers] and said [Mashburns] are hereby directed to remove said fence.”
The trial court also taxed costs against the Mashburns. The Mashburns filed a motion for new trial, which the trial court denied.
The Mashburns appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975. On appeal the Mashburns raise one issue: whether the Tuckers proved the elements of adverse possession.
Our supreme court has held as follows:
“‘[A] judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed to be correct and need only be supported by credible evidence. If so supported, the trial court’s conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust.’ ”
Garringer v. Wingard, 585 So.2d 898, 899 (Ala.1991) (quoting Tidwell v. Strickler, 457 So.2d 365, 867 (Ala.1984)). See also Rice v. McGinnis, 653 So.2d 950 (Ala.1995).
A claimant in an adverse possession case must show that his or her possession was “actual, hostile, open, notorious, exclusive, and continuous for 10 years.” Rice, 653 So.2d at 950.
The record reflects that the “old fence” was erected before 1945 and that the fence has been maintained by the Tuckers since 1945. The record further reflects that only the Tuckers have used the disputed property, although since 1976, when the property was surveyed, the Mashburns have known that the boundary line as shown by the deeds differed from the old fence line.
Based upon a careful review of the record, we conclude that the judgment of the trial court establishing the boundary line as the old fence is supported by credible evidence. Therefore, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.