L. CHARLES WRIGHT, Retired Appellate Judge.
This case involves a boundary line dispute between coterminous landowners.
The record reveals the following pertinent facts: In 1973 Albert Drake and his wife, Annette Hood Drake, purchased certain property in Blount County, Alabama, from Mrs. Drake’s father. Mrs. Drake’s father and her brother farmed the Drakes’ property and the property to the south, which was owned by Arizona . Phillips. They ceased farming the properties in the mid-80s.
In 1987 Jeffrey Cornelius purchased the Phillips property. In 1990 Cornelius erected a fence between his property and the Drakes’ property. In 1994 the parties’ properties were surveyed, and the survey showed that the fence erected by Cornelius was over the property line and encompassed property owned by the Drakes. Mr. Drake asked Cornelius to remove the fence, and Cornelius refused his request.
Thereafter, the Drakes filed a complaint against Cornelius, requesting the trial court to enter a judgment finding that they owned the disputed property, to order Cornelius to remove the fence, and to assess damages against Cornelius for trespass and for depriv *1215 ing the Drakes of the use and enjoyment of the disputed property. Subsequently, Clifton H. Blackwood and Marie Blackwood filed a complaint against the Drakes, requesting the trial court to determine the true and correct boundary between their property and the Drakes’ property. The Blackwoods’ property adjoined Cornelius’s property. The Blackwoods’ property shared a common border with the Drakes’ property. The two actions were consolidated for trial.
Following oral proceedings, the trial court entered separate judgments. This appeal concerns only the judgment rendered in the Drakes’ action against Cornelius. In that action the trial court entered a judgment, stating, in pertinent part:
“3. The [Drakes] and [Cornelius] share a common boundary on a portion of the [Drakes’] south boundary line, said portion of the [Drakes’] south boundary line being the north boundary line of [Cornelius’s] property.
[[Image here]]
“5. The testimony revealed that the recognized boundary line between the property of the [Drakes] and the property of [Cornelius] was a line which ran from a tree located at the northwest corner of [Cornelius’s] property to a stake located at what was maintained as the northeast corner of [Cornelius’s] property....
“It is therefore ORDERED, ADJUDGED AND DECREED that the boundary line for the north line of [Cornelius’s] property is a line which runs in a straight line from the tree to the iron stob, both the tree and the iron stob being located in the northeast quarter of the southeast quarter of Section 24, Township 11, Range 1 East, Blount County, Alabama. Any portion of [Cornelius’s] fenced property which is located in the northeast quarter of the southeast quarter of the said Section 24 is found to be the property of [Cornelius] by virtue of adverse possession, and the Court finds that [Cornelius] and his predecessors in title had been in open, hostile, notorious, and adverse possession of said property for a period of time necessary to acquire title to said property....”
The trial court also entered a judgment in favor of Cornelius on the Drakes’ trespass claim. The Drakes filed a motion for a new trial, which the trial court denied.
The Drakes appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975. On appeal the Drakes raise one issue: whether the judgment of the trial court is supported by credible evidence.
Our supreme court has held as follows:
“‘[A] judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed to be correct and need only be supported by credible evidence. If so supported, the trial court’s conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust.’ ”
Garringer v. Wingard, 585 So.2d 898, 899 (Ala.1991) (quoting Tidwell v. Strickler, 457 So.2d 365, 367 (Ala.1984)). See also Rice v. McGinnis, 653 So.2d 950 (Ala.1995).
A claimant in an adverse possession case must show that his or her possession was “actual, hostile, open, notorious, exclusive, and continuous for 10 years.” Rice, 653 So.2d at 950.
The record reveals the following facts: Cornelius testified that he was not claiming any part of the Drakes’ property and that he was claiming only the property specified in his deed. Cornelius did not present any evidence regarding any adverse possession by Cornelius’s predecessors-in-title of any portion of the Drakes’ property. The only evidence of adverse possession presented was Cornelius’s fencing in a portion of the Drakes’ property and his refusal to remove the fence.
Based upon our review of the record, we conclude that Cornelius did not claim any of the Drakes’ property by adverse possession and that his possession of a portion of the Drakes’ property did not satisfy the 10-year requirement of ownership by adverse possession. Rice. Therefore, we conclude that the trial court’s establishment of a boundary different from the deeded description of the properties is not supported by Credible evidence and is plainly erroneous. Consequent *1216 ly, we conclude that the trial court erred in entering a judgment in favor of Cornelius on the Drakes’ trespass claim.
The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents.