WRIGHT, Retired Appellate Judge.
This appeal concerns a boundary line dispute between coterminous landowners.
The record reveals the following pertinent facts: Gary E. McGuire owns the southeast quarter of the northeast quarter of Section 10, Township 22, Range 14, containing 40 acres. Dorothy Messer and Roy Messer own the northeast quarter of the northeast quarter of Section 10, Township 22, Range 14, containing 27 acres. James E. Silas and Carole L. Silas own tract six of the McGehee property in the northwest quarter of Section 11, Township 22-North, Range 14-East. The three properties share a common boundary — the line dividing sections 10 and 11, Township 22, Range 14, in Chilton County. The Silases purchased their property in 1990; McGuire purchased his property in 1998; the Messers purchased their property in 1994. The Silases constructed a house, a garage, a *1273 greenhouse, and fences on their property. They also moved a trailer and a swimming pool on the property.
McGuire and the Messers filed a complaint in the Chilton County Circuit Court against the Silases, alleging that some of the Silases’ buildings and fixtures encroached over the boundary line and onto then.' property. They requested the court to determine the true boundary line between the properties and to award them costs and an attorney fee. McGuire and the Messers also filed a motion for a temporary restraining order to prevent any construction of permanent structures until the trial court established the true boundary line.
Following oral proceedings, the trial court entered a judgment, finding the true boundary line to be the “true section line as established by the U.S. Government and referenced on the ground by the surveyor Steve Gay.” The trial court ordered the Silases to remove all items of personal property from McGuire and the Messers’ properties within 60 days. The Silases filed a motion for a new trial and a motion for a stay. The trial court denied the motion for a new trial, but granted the motion for a stay.
The Silases appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. The Silases raise four issues on appeal. However, they make no specific argument, or cite any specific authority, to support three of the issues raised. Therefore, we need only address the remaining issue. Rule 28(a)(5), Ala. R.App. P.; McLemore v. Fleming, 604 So.2d 353 (Ala.1992). The Si-lases contend that the trial court erred in failing to find that they established ownership of a strip of McGuire and the Messers’ property by adverse possession.
Our supreme court has held as follows:
‘“[A] judgment establishing a boundary fine between coterminous landowners on evidence submitted ore tenus is presumed correct and need only be supported by credible evidence. If so supported, the trial court’s conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust.’ ”
Garringer v. Wingard, 585 So.2d 898, 899 (Ala.1991) (quoting Tidwell v. Strickler, 457 So.2d 365, 367 (Ala.1984)). This presumption is “particularly strong in adverse possession cases, because it is difficult for an appellate court to review the evidence in such cases.” Rice v. McGinnis, 653 So.2d 950, 950 (Ala.1995).
A claimant in an adverse possession ease must show that his or her possession was “actual, hostile, open, notorious, exclusive, and continuous for 10 years.” Rice, 653 So.2d at 950. However, the claimant must show that the deed or other color of title purporting to convey title to him has been duly recorded in probate court for 10 years. § 6-5-200(a)(1), Ala.Code 1975.
Although the Silases’ lease/sale agreement conferred them with “color of title” to their property, the lease/sale agreement was not duly recorded as required by § 6-5-200(a)(1) and, therefore, was without legal force or effect. Davis v. Townsend, 435 So.2d 1280 (Ala.1983). Consequently, we conclude that the 10-year statutory period of adverse possession began when the Silases received the deed to their property in 1990. Therefore, because this action was filed before 10 years had passed, we conclude that the Silases could not establish ownership by adverse possession and that the trial court did not err in the establishment of the boundary line.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur in the result.