WRIGHT, Retired Appellate Judge.
Mike Hill appeals a judgment establishing the boundary line between his property and the property owned by Gladys Rosalyn Carroll.
In 1969 Mrs. Carroll and her husband purchased two tracts of real property located in Morgan County. Both properties had been part of a farm, which had been divided into tracts and sold. In 1969 Mr. Carroll and their son fenced the western boundary line, using metal “stobs” placed by a surveyor. In 1987 the Carrolls divorced and deeded the properties to their children. In 1988 the Carrolls’ children deeded the properties to Mrs. Carroll. Between 1969 and 1995, the Carrolls, their children, and a neighbor used the property for cattle and livestock. In 1995 Hill purchased property adjoining Mrs. Carroll’s property. Shortly thereafter, Hill removed a barn, a toolshed, and part of the fence along the boundary between his property and Mrs. Carroll’s property.
In November 1995 Mrs. Carroll filed a complaint against Hill in the Morgan County Circuit Court, asking the court to determine the boundary line and to assess damages. Following oral proceedings, the trial court entered an order, establishing the fence, which had been partially removed, as the boundary between Mrs. Carroll’s and Hill’s properties. The trial court also found that Mrs. Carroll had adversely possessed the property up to the fence. The court ordered Mrs. Carroll to mark the boundary line with permanent markers, to select a surveyor to survey the fence line, and to submit the survey and the surveyor’s report to the court, after which time Hill had 30 days to object to the marker placement and the survey.
Mrs. Carroll submitted the survey and the surveyor’s report to the court. Hill filed an objection to the surveyor’s report and to the placement of the markers, which the trial court overruled. Thereafter, the trial court entered a final judgment, setting forth the specific metes and bounds description of the boundary line. The court ordered each party to pay one-half of the cost of the survey. The court also ordered Hill to remove, among other things, any improvements, vehicles, structures, and trailers from Mrs. Carroll’s property.
Hill appeals, contending that the trial court erred in finding that Mrs. Carroll had adversely possessed the property up to the fence and in finding that the boundary line was the fence line established on the survey. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
Our supreme court has held as follows:
“‘[A] judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed *232 correct and need only be supported by credible evidence. If so supported, the trial court’s conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust.’ ”
Garringer v. Wingard, 585 So.2d 898, 899 (Ala.1991) (quoting Tidwell v. Strickler, 457 So.2d 365, 367 (Ala.1984)). See also Rice v. McGinnis, 653 So.2d 950 (Ala.1995).
A party claiming title by adverse possession by prescription must show his or her possession was actual, exclusive, open, notorious, hostile, and continuous for a period of 10 years, Rice, or 20 years, Garringer.
The record reveals that in 1969 Mr. Carroll and their son erected a fence on what they thought was the western boundary line. The fence remained in place and in good condition until 1995, when Hill removed a portion of the fence. Several neighboring property owners, including the brother-in-law of one of the former owners, acknowledged that the fence was considered the property line between the two properties. The record further reflects that since 1969, only Mrs. Carroll, and those with her permission, used the disputed property.
Accordingly, we conclude that the trial court’s finding — that Mrs. Carroll had adversely possessed the property up to the fence — is supported by credible evidence and that the judgment of the trial court establishing the boundary line as the fence line, as shown on the survey, is supported by credible evidence.
Although Hill contends on appeal that the surveyor’s report was not made under oath and that the surveyor did not appear in court for examination, none of these errors or issues were presented to the trial court. “Our review is limited to the issues that were before the trial court — an issue raised on appeal must have first been presented to and ruled on by the trial court.” Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala.1992) (citation omitted).
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.